No. 48,431

SHIRLEY DAVIS and CHARLES DAVIS, *Appellees,* v. THE WESTERN
INSURANCE COMPANIES, *Appellants.*

(560 P. 2d 133)

Opin-
ion filed January 22, 1977.

*Kerry McQueen,* of Vance, Hobble, Neubauer, Nordling, Sharp & McQueen,
P. A., of Liberal, argued the cause, and was on the brief for the appellant.

*Shelley Graybill,* of Lawyers Graybill, of Elkhart, argued the cause, and
was on the brief for the appellees.

*Per Curiam:* This is another case involving the no-fault insurance
law, the Kansas automobile injury reparations act, K. S. A. 1975
Supp. 40-3101, *et seq.* The defendant, The Western Insurance Com-
panies, appeals from a judgment against it and in favor of the
plaintiffs, Mr. and Mrs. Charles Davis.

The case was tried below upon a stipulation of facts which we
summarize as follows: Mr. and Mrs. Davis, residents of Morton
County, Kansas, were the insureds in an automobile policy written
by the Western. The policy included all the coverages required
by K. A. I. R. A. On February 19, 1974, the Davis automobile was
involved in a collision with a vehicle driven by Terry W. Robertson.
Mrs. Davis was injured and her automobile was damaged. Robert-
son was covered by a liability policy written by the Trinity Com-
panies. The Davises settled their property loss with Trinity, and we
are not concerned with that loss.

The Western paid the Davises $1,006.24 under the personal
injury protection (PIP) provisions of its policy. That payment
covered medical expenses and partial loss of wages.

Mr. and Mrs. Davis then employed counsel to recover all damages
sustained by them by reason of the negligence of Robertson, includ-
ing the damages for which the Davises had received payment from
the Western under their PIP coverage. The total damage claimed
was $2,125.84. Plaintiffs' attorney sent a letter demanding that
amount to Trinity, with a copy to the Western. On the following
day the Western advised plaintiffs' counsel that it anticipated no
difficulty in obtaining reimbursement from Trinity; the Western

desired no assistance from plaintiffs' counsel in recovering its PIP payments; and if it became necessary for the Western to file a claim, it would do so through its own counsel or submit the matter to arbitration. Plaintiffs' counsel promptly advised Trinity that plaintiffs claimed the exclusive right of action for all damages sustained by them by reason of the collision with Robertson, and the exclusive right to negotiate settlement; any payment made by Trinity without plaintiffs' consent would be treated as voluntary; and any credit therefor against the Davis' claim would be stoutly opposed. Eventually Trinity agreed to pay the full amount demanded and issued its draft payable to Mr. and Mrs. Davis, their attorney, and the Western. Plaintiffs endorsed the draft and sent it to the Western with a letter asking the Western to endorse and return the draft to plaintiffs' counsel, who would then remit to the Western $806.50, being the amount of the PIP payments less $215.50, the latter being a pro rata share of the attorney's fees plaintiffs had incurred in effecting settlement. The Western returned the draft without endorsement.

Mr. and Mrs. Davis then commenced this action against the Western, seeking an order of the court requiring the Western to endorse the draft, approving the pro rata share of attorney's fees of $215.50, and awarding plaintiffs attorney's fees in this action pursuant to K. S. A. 40-256. The Trinity draft was deposited with the clerk of the court.

After submission of the matter on stipulation and briefs, the trial judge wrote to counsel stating that he was granting judgment to the plaintiffs. His letter reads in part:

". . . The basis for this decision is that the relevant portion of K. S. A. 40-3113 being the phrase '*exclusive* of reasonable attorney's fees . . .' is construed as the sum to be repaid is *not including* the attorney fees required to collect the sum. The same result is obtained by construing the words 'exclusive of' as 'excluding' which I find to be the legislative intent.

"Judgment is also granted plaintiffs for attorney fees herein . . ."

A formal order followed. It charged the Western with a portion of plaintiffs' attorney's fees, $215.50, and taxed an additional $420 against the Western as attorney's fees for plaintiffs in this action.

The Western contends that the district court erred in awarding plaintiffs judgment against it for attorney's fees under the provisions of K. S. A. 1975 Supp. 40-3113. It claims that under the stipulated facts, it is entitled to full reimbursement in the amount of the PIP benefits paid, without deduction for attorney's fees or expenses, and that the statute so provides.

This contention is governed by our decision in *Easom v. Farmers Insurance Co.*, 221 Kan. 415, 560 P. 2d 117, this day decided. We there held that when an injured person, who has received PIP payments, recovers from the tort-feasor as damages a sum which exceeds the PIP benefits received plus reasonable attorney's fees and expenses of suit, the statute requires the insured to fully reimburse the PIP carrier. Accordingly, under the facts before us, the Western is entitled to full reimbursement of the PIP benefits which it has paid in the amount of $1,006.24, without deduction for attorney's fees or expenses.

The Western also contends that the district court erred in awarding plaintiffs additional attorney's fees for the prosecution of this action. We agree. K. S. A. 40-256 provides for the allowance of an attorney's fee in any action on a policy of insurance when the insurance company has refused without just cause or excuse to pay the full amount of a loss. The Western did not *refuse to pay a loss under its policy.* It paid the policyholders promptly and in full for their loss. It later challenged the right of the Davises, under K. S. A. 40-3113, to charge a part of an attorney's fee against funds which had been recovered from a third party, funds upon which the Western has a lien. K. S. A. 40-256 does not apply to such a state of facts, and is wholly inapplicable. But even if it were applicable, the Western quite obviously had just cause to challenge plaintiffs' asserted construction of K. S. A. 40-3113. *Forrester v. State Farm Mutual Automobile Ins. Co.*, 213 Kan. 442, 452, 517 P. 2d 173; *Parker v. Continental Casualty Co.*, 191 Kan. 674, 684, 383 P. 2d 937.

For the reasons stated, the judgment is reversed.

PRAGER, J., not participating.

SCHROEDER, J., dissenting: I must respectfully dissent from that portion of the opinion inconsistent with my concurring and dissenting opinion in *Easom v. Farmers Insurance Co.*, 221 Kan. 415, 560 P. 2d 117.