No. 48,469

BETTY J. JAREMKO, *Appellant*, v. WILLIAM F. JONES, et al., *Appellees*.

(560 P. 2d 136)

Opinion filed January 22, 1977.

*Donald W. Vasos*, of Scott, Daily & Vasos, of Kansas City, argued the cause, and was on the brief for the appellant.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, argued the cause, and was on the brief for the appellees.

*Per Curiam:* This is an appeal from the trial court's order in a "no-fault" insurance case after settlement of a personal injury claim, holding that an insurance carrier of the insured plaintiff was entitled to *reimbursement* to the full extent of personal injury protection benefits paid to the plaintiff without deduction of a proportionate share of the attorneys' fees and expenses incurred in effecting the recovery out of which such reimbursement was made.

The appellant's basic contention is the trial court erred in awarding full reimbursement of personal injury protection (PIP) benefits without deducting attorneys' fees. The same issue is presented in *Easom v. Farmers Insurance Co.*, 221 Kan. 415, 560 P. 2d 117, and *Davis v. Western Insurance Companies*, 221 Kan. 441, 560 P. 2d 133.

On May 5, 1974, the automobile of Betty J. Jaremko (plaintiff-appellant) was struck from behind as it attempted to enter Interstate 70 by a bus owned by Kenneth R. Benskin, d/b/a Benskin Bus Service (defendant-appellee), and driven by William F. Jones (defendant-appellee). Betty Jaremko's insurance carrier, EMCASCO Insurance Company (referred to as Employers Mutual Companies) paid her $5,315 in PIP benefits. ($2,000 medical and $3,315 wage benefits.)

On December 4, 1974, the plaintiff, who had contracted with the law firm of Scott, Daily & Vasos for legal representation on a contingency basis on one-third (⅓) of the recovery, filed suit against the defendants and sought $50,000 damages. On May 13, 1976, before the case was tried, the parties settled for $35,315 which was deposited in the registry of the clerk of Wyandotte County district

court. On May 17, 1976, the court ordered $30,000 distributed to Betty Jaremko and her attorneys. The remaining $5,315 was retained by the clerk of the court. The plaintiff's attorneys claimed a lien for attorneys' fees and expenses of one-third (⅓) of this $5,315, or a lien on $1,771.67. EMCASCO Insurance Company, through its agent, intervened and denied that it was required to pay attorneys' fees citing the interpretation of Insurance Commissioner Fletcher Bell.

On July 6, 1976, the trial court examined the language of K. S. A. 1975 Supp. 40-3113 and held EMCASCO Insurance Company was entitled to the full reimbursement of the $5,315 PIP benefits it paid Betty Jaremko. Thus, of the $35,315 recovery, the plaintiff's attorneys got one-third (⅓) or $11,771.67, EMCASCO Insurance Company got $5,315, and Mrs. Jaremko got the balance of $18,228.33. Appeal has been duly perfected from the trial court's order denying plaintiff's claim for attorneys' fees and expenses in the sum of $1,771.67.

The decision on appeal herein is controlled by the court's opinion in *Easom v. Farmers Insurance Co.*, supra. The court there held where an injured plaintiff recovered damages against a tortfeasor, which were in excess of personal injury protection (PIP) benefits paid to the plaintiff by the plaintiff's insurance carrier pursuant to the no-fault insurance law (K. S. A. 1975 Supp. 40-3101, *et seq.*), plus reasonable attorney's fees and expenses, the plaintiff's insurer was entitled to full reimbursement of PIP benefits paid to the plaintiff out of the plaintiff's recovery of damages without deduction of a proportionate share of the attorney fees and expenses incurred in effecting the recovery.

Accordingly, the judgment of the lower court is affirmed.

SCHROEDER, J., dissenting: I must respectfully dissent for the reasons stated in my concurring and dissenting opinion in *Easom v. Farmers Insurance Co.*, 221 Kan. 415, 560 P. 2d 117.

FATZER, C. J., joins in the foregoing dissenting opinion.

MILLER, J., concurs in the foregoing dissenting opinion.