No. 47,036

FREDERICK L. FORRESTER, JR., a Minor by MARJORIE FORRESTER, His Mother and Next Friend, *Appellant,* v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., *Appellee.*

(517 P. 2d 173)

Opinion
filed December 8, 1973.

*Evart Mills,* of Mills and Mills, of McPherson, argued the cause and was on the brief for appellant.

*Raymond L. Dahlberg,* of Turner, Chartered, of Great Bend, argued the cause, and *Lee Turner,* of Turner, Chartered, of Great Bend, was with him on the brief for appellee.

The opinion of the court was delivered by

KAUL, J.: This is an action to recover damages for personal injuries suffered by plaintiff stemming from a collision of two automobiles. Recovery is sought under the uninsured motorist coverage of a policy of automobile insurance issued by defendant to Raymond Noel.

The issue is whether the uninsured motorist coverage provided in the policy contravenes or otherwise affords less insurance protection than that required by K. S. A. 1972 Supp. 40-284.

The material facts were stipulated by the parties at pretrial conference. Raymond Noel was the father of Steven and Rudolph, both of whom were residents of Raymond's household. Raymond owned two automobiles, a 1965 Chevrolet titled in the names of Raymond Noel and/or Steven Noel and a 1962 Chevrolet titled in Raymond's name alone. The policy in question showed Raymond Noel as the named insured and the 1962 Chevrolet as the described automobile. The policy was issued on November 2, 1970, and covered a period until June 24, 1971; it included in Section III the uninsured motorist coverage referred to which was not rejected in writing by Raymond. The 1965 Chevrolet was uninsured.

The accident in which plaintiff (Fredrick L. Forrester, Jr.) was injured occurred on November 28, 1970. The circumstances of the accident were extraordinary, and as noted by the trial court would not appear again "in a million auto collisions." Forrester was a passenger in the insured 1962 Chevrolet which was being driven by Rudolph in an easterly direction on Kansas Highway No. 18 about seven and one-half miles northeast of Abilene. At the same time and place Steven was driving the uninsured 1965 Chevrolet west on the same highway when the two automobiles collided head-on in the eastbound lane. Both Steven and Rudolph were

killed and Forrester suffered serious injuries. Steven had neither an operator's nor owner's policy of insurance.

Proceedings were initiated for the probate of Steven's estate. An administrator was appointed and a petition for the allowance of a demand in the sum of $250,000.00 was filed by Forrester. Notice of the demand was sent to defendant by Forrester's attorney. Defendant responded by letter as follows:

". . . [T]he car driven by Steven Noel does not meet the definition of an uninsured automobile and, therefore, the uninsured motorist coverage on Raymond Noel's 1962 Chevrolet is not applicable to any person in that car at the time of the loss and this includes your client. . . ."

Defendant did not participate in the hearing on Forrester's demand which was allowed by the probate court in the amount of $65,000.00. Thereafter Forrester commenced this action in district court seeking recovery of $10,000.00 with interest from November 23, 1971, and reasonable attorney fees. Defendant answered asserting that exclusions contained in the uninsured motorist coverage barred plaintiff from recovery. Plaintiff took the postion that the exclusion upon which defendant relied contravened the mandate of our uninsured motorist coverage statute K. S. A. 1972 Supp. 40-284.

The district court ruled that the policy in question provided the protection required by 40-284 and that the exclusions and restrictions mentioned are permitted under the statute. At this point, it should be noted that the trial court, when it rendered its judgment on October 16, 1972, did not have the benefit of our opinions in *Clayton v. Alliance Mutual Casualty Co.,* 212 Kan. 640, 512 P. 2d 507 (filed July 14, 1973); rehearing denied November 3, 1973, 213 Kan. 84, 515 P. 2d 1115; and *Winner v. Ratzlaff,* 211 Kan. 59, 505 P. 2d 606 (filed January 20, 1973). While neither *Clayton* nor *Winner* dealt with the issue confronting us in the instant case those opinions clearly set forth the views of this court with respect to the purposes of the statute and the liberal construcion thereof as remedial legislation in order to accomplish those purposes. In *Winner* we held that obtaining a judgment against the uninsured motorist was not requisite to recovery against an uninsured motorist liability carrier. With respect to the purposes of the act and construction thereof we held:

"The purpose of legislation mandating the offer of uninsured motorist coverage is to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation and this coverage is intended to provide

recompense to innocent persons who are damaged through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages.

"As remedial legislation statutes mandating the offer of uninsured motorist coverage should be liberally construed to provide the intended protection." (Syl. ¶¶ 1, 2.)

The dissenting Justices in *Winner* disagreed with the majority only as to the holding on a collateral procedural point set out in paragraph seven of the syllabus.

In *Clayton* various policy clauses purporting to place requirements on an insured which constitute a condition precedent to the commencement of an action on an uninsured motorist provision, were held to be void. With respect to construction of the act in this regard we held:

"The provisions of K. S. A. 1972 Supp. 40-284 are construed and applied, and it is *held,* that insurance policy provisions which purport to condition, limit, or dilute the unqualified uninsured motorist coverage mandated by the statute, are void and of no effect." (Syl. ¶ 1.)

The only other case to come before this court which treats the subject under 40-284, since its enactment in 1968, is *Rawlins v. Stanley,* 207 Kan. 564, 486 P. 2d 840, which dealt with an insurer's right to intervene in an action under the policy provision. Prior to the enactment of 40-284 uninsured motorist protection was permissible at the option of the purchaser of a policy under the provisions of K. S. A. 40-1110 (now appearing as K. S. A. 1972 Supp.). Our present 40-284 requires inclusion of the coverage in the policy or by endorsement unless the coverage is specifically rejected in writing by an insured named in the policy.

K. S. A. 1972 Supp. 40-284 reads as follows:

"No automobile liability insurance policy covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless the policy contains or has endorsed thereon, a provision with coverage limits not less than the limits for bodily injury or death set forth in K. S. A. 1967 Supp. 8-729, providing for payment of part or all sums which the *insured* or his legal representative shall be legally entitled to recover as damages from the uninsured owner or operator of the motor vehicle because of bodily injury, sickness or disease, including death, resulting therefrom, sustained by the *insured,* caused by accident and arising out of the ownership, maintenance or use of such motor vehicle, or providing for such payment irrespective of legal liability of the insured or any other person or organization. *Provided,* That the coverage required under this section shall not be applicable where *any insured named in the policy* shall reject the coverage

in writing: *Provided further,* That unless the *insured named in the policy* requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the *named insured* had rejected the coverage in connection with a policy previously issued him by the same insurer. Provisions affording such insurance protection against uninsured motorists issued in this state prior to the effective date of this act shall, when afforded by any authorized insurer, be deemed, subject to the limits prescribed in this section, to satisfy the requirements of this section." (Emphasis supplied.)

In the policy in question the uninsured motorist coverage is an integral part of the policy appearing as Section III, designated as "Coverage U." The portions of the insuring agreements pertinent to the issue here appear as follows:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle. . . ."

Exclusions follow the insuring agreements in Section III. Exclusion (b) upon which defendant relies appears as follows:

"To bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an owned motor vehicle;"

The term "insured" is defined in Section III in this manner:

"Insured—The unqualified word 'insured' means

"(1) the first person named in the declarations and while residents of his household, his spouse and the relatives of either;

"(2) any other person while occupying an insured automobile; and

"(3) any person, with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (1) or (2) above."

Plaintiff takes the position that whether required by the statute to do so or not defendant did, by its definition of insured, include Forrester, an occupant of the insured vehicle, as an insured under its policy. Plaintiff says that defendant having included one in plaintiff's position as an insured it could avoid coverage only through its exclusion (b) that coverage did not apply if any insured occupied or was struck by a motor vehicle owned by the named insured or any resident of his household. Plaintiff contends that there is just no way that an insurer can make such an exclusion and still be in compliance with the statute.

Defendant, on the other hand, argues that the statute does not

define "insured" in such a manner as to include plaintiff within
its definition. Defendant asserts that the use of the word "insured"
in the statute was intended by the legislature to encompass only
those persons specifically named as insureds in the policy. From
this premise defendant draws the conclusion that the statute only
requires that the insurer furnish uninsured motorist coverage to the
"insured," which defendant says is the named insured in the policy
or Raymond Noel in the instant case. In its brief defendant asks "if
the statutory term does not refer only to named insureds, then
what does it mean?" We believe the obvious answer is that
"insured" as used in the statute means insured as defined in the
uninsured motorist coverage in the policy in question. We note
that in the rejection proviso the statute specifically requires that
the coverage be rejected by an insured named in the policy;
whereas the coverage required is for payment of sums which the
"insured" or his legal representative shall be legally entitled to
recover as damages for bodily injury, etc., sustained by the "insured."
If the legislature had intended to limit required coverage to only
named insured or insureds it could have easily accomplished this
result by using the phrase "any insured named in the policy,"
throughout the statute. Conversely if the words "the insured" had
been used throughout the statute; that is both as to coverage re-
quired and in the rejection proviso, defendant's argument would
be more reasonable. By use of the words "the insured" with respect
to payment of damages and in connection with injuries sustained
on the one hand and on the other the use of the words "any insured
named in the policy" in the rejection proviso indicates an intention
to make a distinction.

We believe the legislature was fully cognizant that definitions of
the word "insured" appear in all standard form automobile policies
and in the standard provision for uninsured motorist protection.
(See Widiss, A Guide to Uninsured Motorist Coverage, Appendix
"A"). To construe the word "insured" in the context of the statute,
as defendant urges, would fly in the face of the purposes of the
statute declared in *Winner* and *Clayton*. Limiting the coverage
mandated to only the named insured would reduce the protection
afforded by the statute to a bare minimum.

Actually, the precise question whether an insurer has the right
to restrict uninsured motorist coverage to exclude any and all

persons, including relatives and passengers—except the named insured, is not before us here; we merely hold that the statute requires that coverage be afforded those persons falling within "insured" as defined in the policy. In the instant case plaintiff is an insured under definitions set forth in the policy and thus has a statutory right to the protection for the "insured" required by the statute.

As we indicated in *Winner* and *Clayton*, supra, the purpose of the uninsured motorist law is to recompense innocent persons who are damaged through the wrongful act of uninsured motorists who are not financially responsible. Uninsured motorist coverage is not actually liability insurance, but more closely resembles limited accident insurance. It insures against losses occasioned by a limited group of tort-feasors. (*Hein v. Nationwide Ins. Co.*, 106 N. H. 378, 213 A. 2d 197.) If a purchaser of a policy desires to extend uninsured motorist protection to passengers or residents of his household, he may do so as in the case of medical payment coverage and it must be assumed additional premium will be charged. But if the policy affords such extended protection, as it does in this case, then under our interpretation of the Kansas statute deletion of persons insured is proscribed.

While defendant devotes most of its brief on appeal to the argument that Forrester is not an insured under the statute, even though defined as such in the policy, it is further argued that protection of one in Forrester's position is excluded under the terms of exclusion (*b*) set forth above. Defendant argues that the issue involved in the instant case has been inferentially decided in our decision in *Sturdy v. Allied Mutual Ins. Co.*, 203 Kan. 783, 457 P. 2d 34. Defendant refers to our description of the broad reservoir of coverage provided by the uninsured motorist provisions in that case and our mention of the specific exclusionary clause pertaining to occupancy of an owned but uninsured automobile as the only exception to that broad coverage.. The exclusionary clause in the Sturdy policy is essentially the same as exclusion (*b*) in the instant case. However, defendant's argument is untenable: first, because the decision in *Sturdy* rested exclusively on interpretation and application of the "other insurance" clause of the Sturdy policy. Reference to the uninsured owned automobile exclusion in describing the uninsured motorist coverage was immaterial to the decision of the issue involved. Second, and of more importance,

the author of the opinion in *Sturdy* specifically points out that the uninsured motorist coverage in the Sturdy policy was purely permissive or voluntary (K. S. A. 1967 Supp. 40-1110, now appearing as 1972 Supp.) since the policy was issued prior to the effective date of K. S. A. 1972 Supp. 40-284, and, thus, interpretation within the mandate of the statute was unnecessary.

While exclusion (*b*), dealing with uninsured owned automobiles, has not been considered by this court with regard to the effect of our statute, it is not a stranger to the courts of other jurisdictions which have enacted legislation similar to our 40-284. Several of the cases involve the identical uninsured motorist coverage included in policies issued by the defendant herein. In an article entitled "Uninsured Motorist Coverage" appearing in Vol. 40 JBK 199, the author, Professor Alan I. Widiss, indicates that the Kansas statute is quite similar to legislation enacted in numerous other states. We shall not attempt a close comparison of our statute with those of other states but refer the interested reader to a catalogue of statutes prepared by Professor Widiss appearing as Appendix "A" in his work "A Guide to Uninsured Motorist Coverage."

It must be conceded that under an internal interpretation of the policy provisions in the instant case, coverage of plaintiff is excluded under the language of exclusion (*b*). Although plaintiff as an occupant of an insured automobile (the 1962 Chevrolet) was an insured under policy definitions, his injuries stemmed from being struck by a "land motor vehicle" (the 1965 Chevrolet) owned by the named insured (Raymond Noel). The question is—does the exclusion operate to dilute or limit the unqualified uninsured motorist coverage mandated by the statute as we have construed it? Plaintiff was an insured occupying an insured automobile. He was injured by an uninsured operator driving an uninsured automobile that happened to be owned by the insured named in the policy under which plaintiff was covered. Applying what has been said in *Clayton* and *Winner* we believe the exclusion operates to violate the coverage mandated by the statute when applied to the unique circumstances obtained herein.

While we have found no decision dealing with exclusion (*b*) in the exact context of the extraordinary facts of the instant case, we believe, even though there is a division among authorities, our view is supported by a clear majority of those jurisdictions which

have considered the effect of exclusion (*b*) in the light of the respective statutes of the various jurisdictions.

The Supreme Court of Nevada recently encountered the identical exclusion in what appears to be an identical policy in *State Farm Mut. Auto. Ins. v. Hinkel,* 87 Nev. 478, 488 P. 2d 1151. Gordon Henkel, a minor and a resident of his father's household, owned a motorcycle which he was operating when he was injured in a collision with an uninsured motorist. Gordon's father owned an automobile insured by State Farm. The policy included uninsured motorist coverage in terms appearing to be identical with that in the instant case. Gordon sought indemnification for his injuries under the uninsured motorist coverage of his father's policy. Gordon's claim was resisted on the ground that his protection was excluded under (*b*) in that, although he was an insured as a resident of his father's household he was operating an owned but uninsured land motor vehicle. Gordon was clearly within the exclusion of (*b*). The Nevada statute, NRS 693.115, 693.115 (1) is essentially the same as the corresponding portion of K. S. A. 1972 Supp. 40-284, except that protected parties are referred to as a "person insured under such policy" which is essentially the meaning of "insured" in 40-284, which we have found to have been intended by the Kansas legislature. The Nevada court found that it was the clear intent of the Nevada legislature that the statute requires protection against the peril of injury caused by an uninsured motorist to a "person insured." In the *Hinkel* opinion it was further stated that:

". . . The legislative purpose in creating compulsory uninsured motorist coverage was to give needed relief to injured parties through insurance paid for by the insured." (p. 482.)

The Nevada court also noted and discussed the proposition so often mentioned in connection with exclusion (*b*) and similar exclusions, that an owner of two or more motor vehicles who had insured only one should not be permitted to recover compensation for injuries sustained while operating one of the uninsured vehicles and observed that some jurisdictions have accepted this view (citing *Rushing v. Allstate Insurance Company,* 216 So. 2d 875 [La. Ct. App. 1968]; *Shipley v. American Standard Ins. Co.,* 183 Neb. 109, 158 N. W. 2d 238). The Nevada court concluded that the statute should be strictly construed to the effect that any one who is a person insured may not be excluded from coverage by provisions in the policy of insurance.

The "free ride" concept which is generally considered to be the object of exclusions like that in ($b$) is not pertinent to the instant case. Here plaintiff (Forrester) was a passenger in the insured car. His uninsured motorist coverage had been paid for by Raymond Noel.

In addition to *State Farm Mut. Auto. Ins. v. Hinkel,* supra, other cases coming to our attention in which the identical, or similar, exclusion have been considered and held to be in conflict with the mandatory statute of the particular state are: *Mullis v. State Farm Mutual Automobile Insurance Co.,* (Fla.) 252 So. 2d 229; *State Farm Mutual Automobile Ins. Co. v. Robertson,* (Ind. App.) 295 N. E. 2d 626; *Doxtater v. State Farm Mutual Automobile Ins. Co.,* 8 Ill. App. 3d 547, 290 N. E. 2d 284; *Vantine v. Aetna Casualty & Surety Company,* 335 F. Supp. 1296; and *Valdez v. Federal Mut. Ins. Co.,* 272 C. A. 2d 223, 77 Cal. Rptr. 411.

In addition to *Rushing v. Allstate Insurance Company,* supra; and *Shipley v. American Standard Ins. Co.,* supra, cited by the Nevada court in *Hinkel,* the Arkansas Supreme Court appears to have adopted the contrary view. The majority and dissenting opinions in the four to three decision of *Holcomb v. Farmers Ins. Exchange,* 254 Ark. 514, 495 S. W. 2d 155, demonstrate the difficulty encountered in resolving the issue. The majority rests its decision on the "free ride" concept stating that the legislature never intended that by the purchase of single coverage on one automobile an owner could protect himself and his entire family while each member thereof owned and drove an uninsured automobile. In a strong dissenting opinion, concurred in by three Justices, the author severly criticizes the authorities cited by the majority; and further declares that a clear majority of authorities from other states support his position. We agree that at this point in time a clear majority of the jurisdictions which have ruled on the subject have annulled the exclusion generally on grounds that the exclusion is in conflict with the uninsured motorist statute; and that to hold to the contrary would permit erosion of coverage by exclusions, exceptions, and limitations.

We hold that plaintiff as an insured under the policy is an insured within the meaning of the statute and that the exclusion operates to annul the coverage mandated therein, thus, the exclusion is void with respect to a person in plaintiff's position. We do

not determine herein the limits of the power of defendant, within statutory authority, to predetermine who is to be an insured. Our holding is limited to the facts herein that where an insured, in an insured automobile, is injured by an uninsured motorist the coverage mandated by the statute precludes his exclusion.

In view of the conclusion reached the further question remains as to plaintiff's claim for attorney fees under K. S. A. 1972 Supp. 40-256. Plaintiff claims defendant has refused to pay his claim without just cause or excuse. Whether attorney fees are to be allowed must depend upon the facts and circumstances of each case (*Sturdy v. Allied Mutual Ins. Co.*, supra; and *Parker v. Continental Casualty Co.*, 191 Kan. 674, 383 P. 2d 937). We believe the dispute between the parties herein constituted a good faith legal controversy as to policy—statute interpretation and was of first impression in this jurisdiction. Moreover, as has been pointed out in this opinion, authorities from other states are divided concerning the validity of exclusion (*b*) with respect to uninsured motorist statutes. Under the circumstances related, we think defendant, though mistaken, has not been unreasonable in assuming its position. Hence, we do not believe the allowance of attorney fees to plaintiff is justified.

In his brief, plaintiff asks interest at the legal rate from November 23, 1971, the date plaintiff's demand was allowed against the estate of Steven Noel. Defendant disputes plaintiff's claim in this regard. Neither party supports his position with any explanation thereof or citation of authority. The allowance of plaintiff's demand against the estate of Steven Noel did not constitute a judgment against defendant. Plaintiff is entitled only to interest on the judgment rendered herein.

The judgment is reversed and the cause is remanded with directions to enter judgment for plaintiff.