No. 49,769

YVONNE JOANNE SIMPSON, *Appellant,* v. FARMERS INSURANCE COMPANY, INC., *Appellee.*

(592 P.2d 445)

Opinion filed March 31, 1979.

*Lloyd Burke Bronston* and *Dan L. Smith,* of Bronston Law Offices, of Overland Park, argued the cause and were on the brief for the appellant.

*Bill E. Fabian,* of McAnany, Van Cleave, and Phillips, P.A., of Kansas City, argued the cause and was on the brief for the appellee.

*Payne H. Ratner, Jr.,* of Ratner, Mattox, Ratner, Barnes, and Kinch, P.A., of Wichita, was on the brief *amicus curiae* for Thomas Overby.

*Alan C. Goering,* of Chapin, Penny, and Goering, of Medicine Lodge, was on the brief *amicus curiae* for the Kansas Trial Lawyers Association.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought by the plaintiff-appellant, Yvonne Joanne Simpson, against the defendant-appellee, Farmers Insurance Company, Inc., seeking a declaratory judgment concerning the coverage and rights of the plaintiff under the uninsured motorist endorsement to an automobile insurance policy issued by the defendant to the plaintiff. The basic issue presented for determination is one of law and, simply stated, is as follows: Is the "physical contact" requirement in the "hit and run" clause in the uninsured motorist provision of an automobile insurance policy void and unenforceable as contrary to the public policy and legislative intent of the Kansas Uninsured Motorist Statute (K.S.A. 40-284)? The district court answered this question

in the negative. We have concluded that it should be answered in the affirmative and, accordingly, we reverse.

For the purposes of this appeal, the facts in the case are assumed to be as follows: On December 12, 1976, the plaintiff, Simpson, was forced to drive her automobile into a ditch in order to avoid a collision with another vehicle at 34th and Steele Road in Kansas City, Kansas.. After it left the highway, the automobile struck a utility pole, causing plaintiff to suffer personal injuries. The unidentified vehicle immediately fled from the scene and the identity of the driver or owner of that vehicle remains unknown. There was no actual physical contact between the unidentified vehicle and the vehicle driven by Mrs. Simpson.

Following the accident, plaintiff sought to recover under the uninsured motorist provision of her automobile insurance policy. The defendant, Farmers Insurance Company, refused to pay the claim on the basis that the insurance policy required that a recovery under that section be limited to those instances where the unidentified vehicle came into physical contact with the insured vehicle. Mrs. Simpson then brought this action for a declaratory judgment to determine whether her injuries fell within the uninsured motorist coverage of her Farmers policy. The insurance company filed a motion for summary judgment, contending that the plaintiff was not entitled to recover under the terms of the policy, because, admittedly, there was no physical contact between the unknown vehicle and the insured's vehicle. The trial court sustained the motion and granted summary judgment to the defendant. The plaintiff appealed to this court.

We should first examine the pertinent sections of the insurance policy. The policy contains the standard policy provisions relating to uninsured motorists coverage:

"Coverage J—Uninsured Motorists (Damages for Bodily Injury) To pay all sums which the insured or his legal representatives shall be legally entitled to recover as damages *from the owner or operator of an uninsured automobile because of bodily injury,* . . . *caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile* . . . ." (Emphasis supplied.)

Under the definition section, an uninsured automobile is defined to include a "hit and run" automobile. A "hit and run" automobile is then defined as follows:

"Hit and run motor vehicle means a motor vehicle which causes bodily injury

*arising out of physical contact* of such motor vehicle with the insured or with the automobile which the insured is occupying at the time of the accident, provided (a) there cannot be ascertained the identity of either the operator or the owner of such 'hit and run motor vehicle;' . . . ." (Emphasis supplied.)

Since, admittedly, there was no physical contact between the insured's vehicle and the "hit and run" vehicle, there would be no coverage afforded by the policy if the "physical contact" requirement is a valid and enforceable provision.

We should now consider the Kansas Uninsured Motorist Statute (K.S.A. 40-284) which provides as follows:

"40-284. **Coverage relating to injury or death caused by uninsured motorist; rejection; renewal policies; effect of prior policies.** No automobile liability insurance policy covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless the policy contains or has endorsed thereon, a provision with coverage limits not less than the limits for bodily injury or death set forth in K.S.A. 1967 Supp. 8-729, providing for payment of part or all sums which the insured or his legal representative shall be legally entitled to recover as damages from the uninsured owner or operator of the motor vehicle because of bodily injury, sickness or disease, including death, resulting therefrom, sustained by the insured, caused by accident and arising out of ownership, maintenance or use of such motor vehicle, or providing for such payment irrespective of legal liability of the insured or any other person or organization. *Provided,* That the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage in writing: *Provided further,* That unless the insured named in the policy requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued him by the same insurer. Provisions affording such insurance protection against uninsured motorists issued in this state prior to the effective date of this act shall, when afforded by any authorized insurer, be deemed, subject to the limits prescribed in this section, to satisfy the requirements of this section."

The primary question is whether the legislature, by the enactment of the uninsured motorists statute (K.S.A. 40-284), intended to include within the term "uninsured motorist" all hit and run drivers. In order to answer this question, we must consider the uninsured motorist statute from a historical perspective.

K.S.A. 40-284 was enacted in 1968 and has not been amended. In *Winner v. Ratzlaff,* 211 Kan. 59, 505 P.2d 606 (1973), this court determined the legislative purpose in enacting the statute to be as follows:

"The purpose of legislation mandating the offer of uninsured motorist coverage

is to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation and this coverage is intended to provide recompense to innocent persons who are damaged through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages." (Syl. ¶ 1.)

In *Winner,* the court also stated that, as remedial legislation, the statute should be liberally construed to provide the intended protection. The legislative purpose was again recognized in *Forrester v. State Farm Mutual Automobile Ins. Co.,* 213 Kan. 442, 517 P.2d 173 (1973). In *Forrester,* this court further stated in regard to the legislative intent:

"The intent of the legislature in requiring the mandatory offering of uninsured motorist coverage was to insure that those insured under the contract of insurance would be protected generally against injuries caused by motorists who are uninsured and that such protection would complement the liability coverage." (Syl. ¶ 3.)

The court, in addition, stated that K.S.A. 40-284 becomes a part of the policy of insurance to which it is applicable to the same effect as if the provisions thereof were written out in full in the policy itself.

After the uninsured motorist statute was enacted, some insurance companies attempted to dilute the broad coverage contemplated by K.S.A. 40-284. In *Clayton v. Alliance Mutual Casualty Co.,* 212 Kan. 640, 512 P.2d 507 (1973), the insurance policy contained clauses described as the "consent to sue" clause, the "arbitration" clause, the "other insurance" clause, the "proof of loss" clause, the "medical authorization" clause, and the "furnishing of medical reports" clause. All of them placed certain restrictions on the right of the insured to bring an action against the insurance company under the uninsured motorist coverage. This court held that all of the clauses were an attempt to place requirements on the insured which constituted a condition precedent to the commencement of an action to recover damages under an uninsured motorist endorsement and were void and of no effect as an attempt to condition, limit, or dilute the statutory mandate of uninsured motorist coverage under K.S.A. 40-284.

A similar problem was before the court in *Van Hoozer v. Farmers Insurance Exchange,* 219 Kan. 595, 549 P.2d 1354 (1976). The policy involved in that case contained a provision that, in substance, stated that any loss payable under the uninsured motorist coverage should be reduced by any amount paid or

payable to the insured under any workmen's compensation law, disability benefits law, or any similar law. It was held that the trial court was correct in striking down that provision since it was void and of no effect as an attempt to limit or dilute the statutory mandate of uninsured motorist coverage. The policy also contained a provision which prohibited the stacking of policies owned by the insured. This provision was also held to be invalid as being contrary to the provisions of the statute. The policy in *Van Hoozer* contained another provision which sought to define the word "insured" under the uninsured motorist coverage in such a way as to eliminate some of the coverage contemplated by the statute. This was likewise held to be invalid. *Van Hoozer,* like *Clayton,* is important to the resolution of the case now before us because it supports the rule that insurance policy provisions which purport to condition, limit, or dilute the broad, unqualified uninsured motorist coverage mandated by K.S.A. 40-284, are void and unenforceable.

In all of the cases just discussed, this court has made it crystal clear that the uninsured motorist statute is remedial in nature and should be liberally construed to provide a broad protection to the insured against all damages resulting from bodily injuries sustained by the insured, caused by an automobile accident, and arising out of the ownership, maintenance, or use of the insured motor vehicle, where those damages are caused by the acts of an uninsured motorist. A provision placed in the policy by an insurance company which denies protection to an insured for damages and injuries caused by a "hit and run" vehicle unless there is actual physical contact between the vehicles, like the various policy restrictions discussed in *Clayton* and *Van Hoozer,* is an attempt to limit or dilute the unqualified uninsured motorist coverage mandated by K.S.A. 40-284 and is therefore void and unenforceable. The rationale of *Clayton* and *Van Hoozer* is clearly applicable to such a restrictive provision.

Although, as noted above, the question is one of first impression in Kansas, the issue of the validity of the "physical contact" requirement in an insurance policy has been faced by courts of other states for quite a long period of time. See the annotation at 25 A.L.R.3d 1299 and the supplement. In most states there is a general statute requiring insurance companies to offer uninsured or unknown motorist coverage. There is, however, usually no

specific statutory requirement to include coverage for "hit and run" drivers, nor a requirement that physical contact must have occurred before an insured can recover for damages due to a "hit and run" vehicle. The courts of those states have been almost unanimous in holding that the operator of a "hit and run" vehicle is an uninsured or unknown motorist. As to the physical contact issue, there is definitely a split of authority among the various states.

A number of jurisdictions hold that it is reasonable to require physical contact between a "hit and run" vehicle and the insured vehicle before coverage is allowed under the uninsured or unknown motorist provisions. *Ward v. Consolidated Underwriters, et al.*, 259 Ark. 696, 535 S.W.2d 803 (1976); *Phelps v. Twin City Fire Insurance Company*, 476 S.W.2d 419 (Tex. Civ. App. 1972); *Buckeye Union Ins. Co. v. Cooperman*, 33 Ohio App. 2d 152, 293 N.E.2d 293 (1972); *Ely v. State Farm*, 148 Ind. App. 586, 268 N.E.2d 316 (1971); *Collins v. New Orleans Public Service, Inc.*, 234 So.2d 270 (La.App.), *writ refused* 256 La. 375, 236 So.2d 503 (1970); *Hendricks v. Guaranty Co.*, 5 N.C.App. 181, 167 S.E.2d 876 (1969); *Prosk v. Allstate Ins. Co.*, 82 Ill. App. 2d 457, 226 N.E.2d 498 (1967). The rationale of those cases is based on the premise that requiring physical contact will prevent fraud upon the insurance company and will prevent recovery of damages in those cases where the insured's injuries are actually the result of his own negligence, without the intervention of any other vehicle, but the insured falsely claims that the accident was caused by an unidentified vehicle which subsequently left the scene of the accident.

The other line of authority, which now appears to be the majority rule, holds that the physical contact requirement is an impermissible limitation on the uninsured or unknown motorist statute, is contrary to public and legislative policy, and is, thus, invalid. *State Farm Fire and Casualty Company v. Lambert*, 291 Ala. 645, 285 So.2d 917 (1973); *Farmers Ins. Exch. v. McDermott*, 34 Colo. App. 305, 527 P.2d 918 (1974); *State Farm Mut. Auto. Ins. Co. v. Abramowicz*, 386 A.2d 670 (Del. 1978); *Brown v. Progressive Mutual Insurance Company*, 249 So.2d 429 (Fla. 1971); *DeMello v. First Ins. Co.*, 55 Hawaii 519, 523 P.2d 304 (1974); *State Farm v. Md. Auto. Ins. Fund*, 277 Md. 602, 356 A.2d 560 (1976); *Halseth v. State Farm Mut. Auto. Ins. Co.*, _____

Minn. ____, 268 N.W.2d 730 (1978); *Soule v. Stuyvesant Ins. Co.,* 116 N.H. 595, 364 A.2d 883 (1976); *Conklin v. Heymann,* 124 N.J. Super. 227, 305 A.2d 820 (1973); *Montoya v. Dairyland Insurance Company,* 394 F. Supp. 1337 (D.N.M. 1975); *Biggs v. State Farm Mut. Auto. Ins. Co.,* 569 P.2d 430 (Okla. 1977); *Farmers Insurance Exch. v. Colton,* 264 Or. 210, 504 P.2d 1041 (1972); *Webb v. United Services Auto. Assn.,* 227 Pa. Super. Ct. 508, 323 A.2d 737 (1974); *Clark v. Regent Ins. Co.,* ____ S.D. ____, 270 N.W.2d 26 (1978); *John Doe v. Brown,* 203 Va. 508, 125 S.E.2d 159 (1962); *Hartford Accident v. Novak,* 83 Wash. 2d 576, 520 P.2d 1368 (1974); *Mauer v. Grange Ins. Ass'n,* 18 Wash. App. 197, 567 P.2d 253 (1977).

It should be noted that in a few states the uninsured motorist statute specifically provides that, where recovery is sought for injuries caused by a hit and run vehicle, the claimant must show that there was physical contact with the unidentified vehicle. California (Cal. Ins. Code § 11580.2 [b][A] [West 1978 Supp.]); Georgia (Ga. Code Ann. § 56-407.1 [b] [1978 Supp.]); Iowa (Iowa Code § 516A.1 [1978 Supp.]); Mississippi (Miss. Code Ann. § 83-11-103 [1972]); Nevada (Nev. Rev. Stat. § 690B.020 [1977]); New York (N.Y. Ins. Law §§ 617, 618 [McKinney 1966 & 1978 Supp.]); North Carolina (N.C. Gen. Stat. § 20-279.21[b][3] [1978]); South Carolina (S.C. Code §§ 56-9-810 to 56-9-850 [1976 & 1977 Supp.]); West Virginia [W. Va. Code § 33-6-31 [1975]).

Those cases which hold the physical contact requirement to be invalid have stated a variety of reasons for its invalidity. However, the common theme of all the cases is that the uninsured or unknown motorist statute was adopted, and the clear legislative intent was, to expand insurance protection to the public who use the streets and highways. The public was to be protected from damage or injury caused by other motorists who were not insured and who could not make the injured party whole. The public was no longer to be faced with the financial calamity often caused by negligent and insolvent drivers. These cases have recognized the possibility of fraud by an insured who claims injury due to an unidentified "hit and run" driver, when, in fact, there was no such driver. A criticism of the "physical contact" requirement as an anti-fraud measure has been expressed by A. Widiss, *A Guide To Uninsured Motorist Coverage* (1969), which is quoted in *Montoya v. Dairyland Insurance Company,* 394 F. Supp. at 1340. It states:

" 'It seems unreasonable to establish a rule under which recovery is possible if there is a minute scratch on the insured's car, but no impartial witnesses—and to deny all rights where there was no contact, even though there are many witnesses and there is no reason to suspect collusion or fraud. Some standard assuring adequate evidence in support of a claim that the injuries (for which indemnification is sought) are the result of an evasive action executed to avoid a collision with an unidentified negligent driver is certainly warranted. It is suggested that the claimant should bear the burden of persuasion, leaving to the judge, jury or arbitrator the determination of whether the claimant has sustained the requisite burden of proof, and providing an opportunity for the insurance company to raise fraud or collusion as a defense to such a claim.' "

For other discussions of the subject see the comments of the Supreme Court of Hawaii in *DeMello v. First Ins. Co.,* and those of the Supreme Court of Washington in *Hartford Accident v. Novak.*

We agree with the rationale of those cases which hold that the physical contact requirement violates the public policy of those uninsured or unknown motorist statutes which provide a broad and unrestricted protection for damage and injury caused by an uninsured motorist. We hold, therefore, that the "physical contact" requirement in the "hit and run" provisions of the automobile liability policy under consideration in this case is in derogation of the Kansas Uninsured Motorist Statute and is, therefore, void as against public policy.

The judgment of the district court sustaining the defendant's motion for summary judgment is reversed. The case is remanded to the district court with instructions to proceed to ascertain any issues remaining in the case and to determine the rights of the parties under the facts and the law.

HERD, J., not participating.

McFARLAND, J., dissenting: K.S.A. 40-284 requires all automobile liability insurance policies to include provisions whereby the insured can recover, from his own insurance carrier, legal damages occasioned by an accident with an *uninsured* motorist. K.S.A. 40-285 defines the term "uninsured motor vehicle" to include vehicles insured by *insolvent insurance companies.*

In *Winner v. Ratzlaff,* 211 Kan. 59, Syl. ¶ 6, 505 P.2d 606 (1973), this court stated:

"An insured who has a claim against an uninsured motorist has three options open to him, complying in each with policy provisos consonant with the statute: He may file an action directly against his uninsured motorist liability carrier without joining the uninsured motorist as a party defendant; he may file an action joining both the insurer and the uninsured motorist as party defendants; or, he may file an action against the uninsured motorist alone without joining the insurer as a party defendant. In each of these options he may litigate all the issues of liability and damages."

The mandatory coverage is for injuries caused by *uninsured* motorists. The policy in question gave broader coverage than was statutorily required and included a new category of motorists— *unknown* `hit and run motorists, provided there was physical contact between the vehicles. Nowhere in K.S.A. 40-284 or 40-285 is mandatory coverage required for offending *unknown* motorists or financially insolvent motorists. The majority opinion herein expands K.S.A. 40-284 to mandate coverage for injuries occasioned by *unknown* motorists, and whether the motorist was or was not insured is irrelevant. With *unknown motorists* now included in the term *"uninsured motorists,"* the possibilities of fraud grow in geometric proportion. The wisdom of such inclusion is properly for the legislature to determine. In my opinion this is far beyond the clear language of the statute. I would affirm.