No. 61,211

IMOGENE K. CLEMENTS, *Appellant*, v. UNITED STATES FIDELITY AND
GUARANTY COMPANY, INC., *Appellee*.

(753 P.2d 1274)

Opinion filed
April 29, 1988.

*Garry L. Howard*, of Slape and Howard, Chtd., of Wichita, argued the cause
and was on the brief for appellant.

*Arthur S. Chalmers*, of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita,
argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Plaintiff, who was injured when an unidentified
vehicle forced the vehicle she was driving off the road, made a
claim under her automobile insurance policy's uninsured mo-
torist coverage. Her insurance company denied coverage under
the terms of the policy. Plaintiff filed suit against her insurance
carrier, claiming that she was covered under the policy or, if not
covered, that K.S.A. 40-284(e)(3), which allows insurance com-
panies to exclude coverage for hit and run accidents when there
is no physical contact with the uninsured motor vehicle and no
competent proof offered from a disinterested witness, is uncon-
stitutional and a violation of the equal protection and due
process clauses of the United States and Kansas Constitutions.

The district court granted the insurance carrier's motion for summary judgment and the plaintiff appealed. We affirm, finding that K.S.A. 40-284 does not limit the maximum uninsured motorist coverage allowed, but rather it states the minimum uninsured motorist coverage required to be offered by insurance providers. Therefore, the statutory exclusion in the uninsured motorist law does not violate a fundamental right implicitly or explicitly guaranteed by the United States Constitution or the Kansas Constitution.

In August of 1984, plaintiff Imogene Clements suffered personal injuries when the car she was driving hit a utility pole. Plaintiff stated she was forced to swerve off the road when an unidentified vehicle cut in front of her car. Immediately after the accident, Clements reported it to the police. There was no physical contact with the "phantom" vehicle nor were there any other witnesses to the accident.

Clements was insured by United States Fidelity and Guaranty Company, Inc. (USF&G). Her policy included coverage for bodily injury caused by uninsured motorists. The uninsured motorist provision of the policy contained the following exclusion:

"We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury:
1. Sustained by a covered person; and
2. Caused by an accident."

"Uninsured motor vehicle" is a defined phrase in the United States Fidelity & Guaranty policy:

" 'Uninsured motor vehicle' means a land motor vehicle or trailer of any type: * * *
2. A hit and run vehicle whose operator or owner cannot be identified and which hit or which causes an accident resulting in bodily injury without hitting:
    a. you or any family member; . . .
If there is no physical contact with the hit and run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making claim under this or any similar coverage."

USF&G denied Clements' claim under the policy exclusion. After Clements filed suit, the district court granted USF&G's motion for summary judgment, holding that plaintiff's claim was not covered under the policy, that the exclusion in the policy

conformed with K.S.A. 40-284(e)(3), and that this statute was constitutional. Plaintiff appeals.

K.S.A. 40-284, which mandated uninsured motorist coverage, was originally enacted in 1968 "to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation and this coverage is intended to provide recompense to innocent persons who are damaged through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages." *Winner v. Ratzlaff*, 211 Kan. 59, 64, 505 P.2d 606 (1973). The original statute did not contain any authorization for exclusion or limitation of coverage for cases in which the uninsured vehicle was unidentified: so-called "phantom vehicle" cases.

Nonetheless, some insurance companies wrote uninsured motorist policy provisions that required a physical contact between the insured vehicle and any phantom vehicle before the insured vehicle would be covered under the policy. In *Simpson v. Farmers Ins. Co.*, 225 Kan. 508, 592 P.2d 445 (1979), this court held that such clauses were attempts by insurance companies to condition, dilute, or limit the broad statutory mandate of uninsured motorist coverage. The *Simpson* court found that such conditions were contrary to the public policy and legislative intent of the Kansas Uninsured Motorist Statute, K.S.A. 40-284, and therefore, void and unenforceable.

In 1981, in response to the decision in *Simpson,* the Kansas legislature amended K.S.A. 40-284 to allow insurance companies to contract for certain exclusions in uninsured motorist coverage by enacting K.S.A. 40-284(e)(3), which provided;

(e) "Any insurer may provide for the exclusion or limitation of coverage when:
. . . .
(3) there is no evidence of physical contact with the uninsured motor vehicle." (L. 1981, ch. 191, § 1.)

In 1984, the statute was further amended to require either physical contact or corroborating evidence from disinterested witnesses, as follows:

"(e) "Any insurer may provide for the exclusion or limitation of coverage:
. . . .
"(3) when there is no evidence of physical contact with the uninsured motor vehicle and when there is no reliable competent evidence to prove the facts of

the accident from a disinterested witness not making claim under the policy." (L. 1984, ch. 167, § 1.)

The recognized purpose of uninsured motorist statutes allowing insurance companies to write exclusions for accidents where no physical contact occurs is the prevention of fraudulent claims. In recognition of this possibility, many of the states which mandate uninsured motorist coverage have enacted statutes requiring physical contact when the uninsured vehicle is also unidentified, as did Kansas in 1981. Clements admits that the exclusion in the insurance contract which denies her coverage is in accord with the public policy stated by the legislature in K.S.A. 40-284 (e) (3). In spite of the well-established rule that a statute comes before the court cloaked in a presumption of constitutionality and that it is her duty by attacking the statute to sustain the burden of proof, *Henry v. Bauder*, 213 Kan. 751, 753, 518 P.2d 362 (1974), Clements asks this court to declare the statutory exclusions unconstitutional as (1) a violation of due process and equal protection under the Kansas and United States Constitutions and (2) a violation of Section 18 of the Kansas Bill of Rights.

The difference between the constitutional concepts of due process and equal protection is that due process emphasizes fairness between the state and the individual dealing with the state, regardless of how other individuals in the same situation are treated, while equal protection emphasizes disparity in treatment by a state between classes of individuals whose situations are arguably indistinguishable. *Ross v. Moffitt*, 417 U.S. 600, 41 L. Ed. 2d 341, 94 S. Ct. 2437 (1974). The test in determining the constitutionality of a statute under due process or equal protection weighs almost identical factors.

When a statute is attacked as violative of due process, the test is whether the legislative means selected has a real and substantial relation to the objective sought. This rule has been restated in terms of whether the regulation is reasonable in relation to its subject and is adopted in the interest of the community. *State ex rel. Schneider v. Liggett*, 223 Kan. 610, 614, 576 P.2d 221 (1978). When a statute is attacked as violative of equal protection, the initial inquiry becomes which standard of scrutiny to apply. Traditionally, this court has applied the ratio-

nal basis test in cases involving the constitutionality of insurance statutes. *Burriss v. Northern Assurance Co. of America,* 236 Kan. 326, 691 P.2d 10 (1984); *Manzanares v. Bell,* 214 Kan. 589, 522 P.2d 1291 (1974). If a legislative classification has some rational basis, it does not violate constitutional principles if the classification results in some inequality.

Statutes similar to K.S.A. 40-284(e)(3) have rarely been attacked on constitutional grounds; however, those jurisdictions which have considered the issue have generally decided that the physical contact requirement violates neither due process nor equal protection. See *Orpustan v. State Farm Mut. Auto. Ins. Co.,* 7 Cal. 3d 988, 103 Cal. Rptr. 919, 500 P.2d 1119 (1972); *Sapp v. State Farm Automobile Ins. Co.,* 272 S.C. 301, 251 S.E.2d 745 (1979). The California Supreme Court stated in *Orpustan:*

"[T]he recognized purpose of the physical contact requirement is reduction of the possibility that a motorist who loses control of his vehicle through his own negligence will be able to recover under the uninsured motorist coverage by alleging that an unknown vehicle caused the injuries complained of. Such premise for the requirement furnishes a reasonable ground of classification; the requirement bears a reasonable relationship to the objective it seeks to promote. When that is true, the constitutional demand for equal protection of the laws is satisfied." 7 Cal. 3d at 994.

In addition to violating due process and equal protection, plaintiff also contends that the statutory exclusion violates Section 18 of the Kansas Bill of Rights, which provides that all persons, for injuries suffered in person, reputation, or property, shall have a remedy by due course of law, and justice administered without delay. Plaintiff implies that this court is thereby required to apply a stricter standard of scrutiny to this claim, since a right guaranteed by Section 18 is a fundamental right. *Ernest v. Faler,* 237 Kan. 125, 697 P.2d 870 (1985). However, we have held that Section 18 does not create rights of action; it only requires that Kansas courts be open and afford a remedy for such wrongs that are recognized by law. *Schmeck v. City of Shawnee,* 231 Kan. 588, 594, 647 P.2d 1263 (1982). If Clements has no right of action, there is no standard of scrutiny to be applied to her claim.

The statutory exclusion in the uninsured motorist statute does not deny a right implicitly or explicitly guaranteed by the United

States Constitution or Kansas Constitution or Section 18 of the Kansas Bill of Rights. K.S.A. 40-284 does not limit the maximum uninsured motorist coverage allowed, but rather it states the minimum uninsured motorist coverage required to be offered by insurance providers.

The legislature's concern with fraud when claims are made under uninsured motorist clauses for accidents with phantom vehicles is a rational concern and a proper consideration for setting the minimum uninsured motorist coverage required. Clements voluntarily purchased her insurance contract from USF&G. The legislative act neither prohibits nor denies Clements the right to purchase additional insurance coverage for accidents caused by an unknown vehicle which result in injury and where there is no physical contact with the hit and run vehicle or testimony from a disinterested witness. Therefore, K.S.A. 40-284(e)(3) does not violate the equal protection or due process clauses of either the United States or Kansas Constitutions or Section 18 of the Kansas Bill of Rights.

Affirmed.