The Honorable Jim Barone State Senator, 13th District State Capitol, Room 504-North Topeka, Kansas 66612-1504
Dear Senator Barone:
You inquire about the constitutionality of proposed 1999 Substitute for Senate Bill No. 80. Specifically you ask whether the external review process created by the proposed bill treats both the health insurance institutions and the individual consumers equally and fairly. Your question implicates the constitutional concepts of due process and equal protection in the14th Amendment to the United States Constitution.
The test in determining the constitutionality of a statute under the Due Process and Equal Protection Clauses weighs almost identical factors.[1] For this reason in addressing whether the proposed legislation violates equal protection rights, we will have determined if the statute violates the Due Process Clause. Due process emphasizes fairness between the state and the individual dealing with the state, without regard to how other individuals in the same situation are treated, and equal protection emphasizes disparity in treatment by a state between classes of individuals whose situations are arguably indistinguishable.[2]
Absent a classification based on race or any other fundamental right guaranteed by the Constitution, the standard to be used is a rational basis test which is violated only if the statutory classification rests on grounds wholly irrelevant to the achievement of the State's legitimate objective.
The proposed legislation promotes the legitimate state interest of regulation of the insurance business and the legitimate goal of providing a forum for review of an adverse decision by an insurer without protracted litigation. Review of adverse decisions at an administrative agency level is a logical means of achieving that goal. In order for equal protection rights to be violated there must be disparate treatment of similarly situated individuals. Section 4(a) of the proposed legislation states:
 "The decision of the external review organization shall be binding as to payment or provision of services on the health insurance plan or insurer, except to the extent the insured, insurer or health insurance plan has other remedies applicable under state or federal law. All material used in an external review and the decision of the external review organization as a result of the external review shall be deemed admissible in any subsequent litigation."
The legislation provides that the insurance company or health insurance plan must pay or provide services if the external review organization so orders. Both parties have access to judicial review of the review organization's decision, as indicated by the language regarding other remedies under state law. (The Act for Judicial Review and Civil Enforcement of Agency Actions is the exclusive means of judicial review of agency action and applies unless specifically exempted by statute.[3]) Furthermore, the proposed bill specifically states that the decision of the external review organization is admissible in subsequent litigation by either party, clearly indicating that a judicial forum is available to both parties.
Treatment of the parties is important because the Equal Protection Clause is not implicated unless the proposed legislation discriminates between the insurer and the insured. There is no indication in the proposed bill that the insurer or insurance company and the insured or consumer are treated differently. Given that there is no disparate treatment, the second question of whether the parties are similarly situated is not reached.[4]
We note that if the "other remedies" language is not regarded as an avenue of appeal, the proposed legislation may be subject to a separation of powers challenge.[5]
It is therefore our opinion that Section 4(a) of 1999 Substitute for Senate Bill No. 80 does not violate the Equal Protection Clause or the Due Process Clause of the 14th Amendment to the United States Constitution.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] Peterson v. Garvey Elevators, Inc., 252 Kan. 976 (1993).
[2] Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437,41 L.Ed.2d 341 (1974).
[3] K.S.A. 77-603; 77-606; Kansas Sunset Assocs v. KansasDepartment of Health and Enviroment, 16 Kan. App. 2d 1, 3 (1991).
[4] Clements v. U.S. Fidelity and Guaranty Co., Inc.,243 Kan. 124 (Kan. 1988).
[5] Leek v. Theis, 217 Kan. 784 (1975); State, ex rel. v.Bennett, 219 Kan. 285 (1976).