(163 P.3d 1266)
No. 96,416

CRAIG RUSSELL, *Appellee,* v. FARMERS INSURANCE COMPANY,
INC., *Appellant.*

Opinion filed
August 10, 2007.

*David M. Druten,* of Coates & Logan, LLC, of Overland Park, for appellant.

*Patrick Bottaro* and *Jackie L. Morant,* of Bottaro, Morefield & Kubin, L.C., of Kansas City, Missouri, for appellee.

Before PIERRON, P.J., MALONE and BUSER, JJ.

BUSER, J.: In this uninsured motorist case, Farmers Insurance Company, Inc., (Farmers) appeals a judgment in favor of its insured, Craig Russell. Because the automobile insurance policy issued by Farmers did not provide coverage for Russell's accident, we reverse and remand with directions to the district court to enter judgment in favor of Farmers.

### Factual and Procedural Background

On March 30, 2002, Russell was injured when he tripped and fell outside a grocery store in Lenexa, Kansas. He reported the

accident to Farmers 2 months later on May 31, 2002, claiming he was injured while avoiding a vehicle driven by an unidentified motorist.

The automobile insurance policy issued by Farmers to Russell provided coverage for injuries negligently caused by the operator of an uninsured motor vehicle, defined to include "[a] hit-and-run vehicle whose operator or owner has not been identified and which causes **bodily injury** with or without physical contact." The policy further provided that "[i]f there is no physical contact, the facts of the **accident** must be verified by someone other than you or another person having a claim from the same **accident**."

Russell and his counsel initially advised Farmers that disinterested witnesses existed. Following an investigation, Farmers denied Russell's claim without mentioning the disinterested witness issue, but reserved its rights under the policy while not waiving any rights, defenses, or contentions. In December 2003, Russell provided an interrogatory response to Farmers indicating that no witness to the accident was "known at this time." Subsequently, Russell propounded an interrogatory which sought information from Farmers regarding "all defenses . . . which you claim to plaintiff's Petition." Farmers responded that "its investigation failed to uncover any independent witness to verify the facts of the accident as required by the policy."

During his deposition on August 26, 2004, Russell testified that he had not identified a disinterested witness, and Farmers moved for summary judgment on this basis a few weeks later. The trial court denied Farmers' motion, however, finding Farmers had

"failed to notify plaintiff Craig Russell of its policy defense that he failed to comply with the particular policy condition/requirement that . . . the facts of the accident must be verified by someone other than [Russell] . . . at a time when defendant Farmers Insurance Company had knowledge of plaintiff Craig Russell's failure to comply with the particular policy condition/requirement."

The case proceeded to trial, and the jury returned a verdict in favor of Russell. Farmers appeals.

## Discussion

On appeal, Farmers bases its challenge to the summary judgment ruling on the language of the policy. Farmers maintains the

accident was not covered because no disinterested witness was produced. Russell counters that Farmers has waived any such defense.

The parties agree this is a question of law reviewed de novo. See *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 374, 130 P.3d 560 (2006) (statutory construction); *Roy v. Young*, 278 Kan. 244, 247, 93 P.3d 712 (2004) (summary judgment on undisputed facts); *Liggatt v. Employers Mut. Casualty Co.*, 273 Kan. 915, 921, 46 P.3d 1120 (2002) (interpretation of written instruments); *Connelly v. Kansas Highway Patrol*, 271 Kan. 944, 958, 26 P.3d 1246 (2001), *cert. denied* 534 U.S. 1081 (2002) (waiver of defense on stipulated facts).

The central issue for our review is the nature of the policy's disinterested witness provision—whether it was a contractual condition for payment on a covered occurrence, or whether it limited or excluded coverage in the first instance. The distinction is critical because an insured's failure to comply with a policy condition may be waived, but generally waiver and estoppel will not expand a policy's coverage. See *Unruh v. Prudential Prop. and Cas. Ins. Co.*, 43 F. Supp. 2d 1237, 1239-40 (D. Kan. 1999) (applying Kansas law); *AKS v. Southgate Trust Co.*, 844 F. Supp. 650, 659 (D. Kan. 1994) (same); *Allied Mut. Ins. Co. v. Moeder*, 30 Kan. App. 2d 729, Syl. ¶ 6, 48 P.3d 1 (2002); *Hillman v. Colonial Penn Ins. Co.*, 19 Kan. App. 2d 375, 377, 869 P.2d 248, *rev. denied* 255 Kan. 1001 (1994).

Our Supreme Court has applied estoppel to expand coverage in one case, but it did so based on an insurer's affirmative representations and actions regarding coverage where the policy did not explicitly exclude the incident at issue. See *Heinson v. Porter*, 244 Kan. 667, 673, 772 P.2d 778 (1989), *overruled on other grounds Glenn v. Fleming*, 247 Kan. 296, Syl. ¶ 5, 799 P.2d 79 (1990). This precedent is easily distinguishable from the present case, which concerns a failure to identify lack of coverage in an initial (and provisional) denial of claim letter where the insurance policy's provisions specifically contemplated exclusion of the incident at issue.

An example of a policy condition that may be waived is found in *Pacific Indemnity Co. v. Berge*, 205 Kan. 755, 473 P.2d 48 (1970), which the trial court held was controlling precedent in the present

case. The insured in *Pacific Indemnity Co.* "failed to file proof of loss within sixty days . . . as required by the provisions of the insurance policy." 205 Kan. at 767. Because the insurer failed to mention this in its denial of claim letter, our Supreme Court held the insurer had waived the defense. 205 Kan. at 767-68. "Where an insurer bases its refusal to pay a loss upon a . . . failure to comply with particular condition it cannot thereafter maintain a defense based upon another condition not referred to in such refusal to pay and of which it then had knowledge. [Citations omitted.]" 205 Kan. at 767-68.

An example of an exclusion or limitation of coverage that may not be waived is found in *Topeka Tent & Awning Co. v. Glen Falls Ins. Co.*, 13 Kan. App. 2d 553, 774 P.2d 984, *rev. denied* 245 Kan. 788 (1989), precedent which the trial court held was inapplicable to the present case. The insured in *Topeka Tent & Awning Co.* made a claim regarding a racial discrimination suit in spite of "an endorsement . . . which excluded coverage for liability arising from discrimination suffered by employees of the insured." 13 Kan. App. 2d at 554. Our court rejected the insured's estoppel argument because the policy excluded from coverage the very occurrence for which the insured sought payment. 13 Kan. App. 2d at 555-56. As we stated in another case, "[t]here is no forfeiture of coverage being effected; the insured was never protected for the circumstances which took place." *Western Food Prod. Co. v. United States Fire Ins. Co.*, 10 Kan. App. 2d 375, 381, 699 P.2d 579 (1985).

The distinction between policy conditions that may be waived and exclusions or limitations of coverage that may not was demonstrated in a federal case applying Kansas law, *Hennes Erecting Co. v. Nat. Un. Fire Ins. Co.*, 813 F.2d 1074, 1078 (10th Cir. 1987). The insured in *Hennes Erecting Co.* argued the insurer "had waived its right to rely upon any exclusion in the policy because such exclusion was not mentioned when [insurer] rejected [insured's] claim." 813 F.2d at 1078. The Tenth Circuit Court of Appeals disagreed, distinguishing cases such as *Pacific Indemnity Co.* which "establish that an insurer, basing a refusal to pay a loss entirely on one ground of forfeiture, could not then maintain a de-

fense of forfeiture based [on] the violation of another policy provision." 813 F.2d at 1079-80. In the case before it, the insurer had

"not claimed a forfeiture of the policy by [insured.] Rather, [insurer] contended that . . . the loss was beyond the coverage of the policy . . . .While timely and complete disclosure of the reasons for denying a claim would certainly have been preferable, waiver . . . cannot be used in these circumstances to increase the insurer's risk beyond the terms of the policy." 813 F.2d at 1080.

We believe the nature and purpose of the disinterested witness provision in the present case is controlled by a statute both parties cite, K.S.A. 40-284. This statute was enacted in 1968 to provide coverage to those harmed by uninsured motorists. See *Clements v. United States Fidelity & Guaranty Co.*, 243 Kan. 124, 126, 753 P.2d 1274 (1988). Its provisions "are mandatory insofar as they stipulate what insurance policies in this state must contain. The provisions of the statute are to be considered a part of every automobile policy in this state. [Citation omitted.]" *State Farm Mut. Auto Ins. Co. v. Cummings*, 13 Kan. App. 2d 630, 632-33, 778 P.2d 370, *rev. denied* 245 Kan. 786 (1989). An automobile policy is controlling only "to the extent that it does not conflict with or attempt to diminish or omit the statutorily mandated coverage." 13 Kan. App. 2d at 633.

As originally enacted, K.S.A. 40-284 "did not contain any authorization for exclusion or limitation of coverage for cases in which the uninsured vehicle was unidentified: so-called 'phantom vehicle' cases." *Clements*, 243 Kan. at 126. Some insurance companies attempted to limit coverage in unidentified motorist cases, but our Supreme Court held in *Simpson v. Farmers Ins. Co.*, 225 Kan. 508, 515, 592 P.2d 445 (1979), that the limitations were "contrary to the public policy and legislative intent of . . . K.S.A. 40-284, and therefore, void and unenforceable." *Clements*, 243 Kan. at 126.

"[I]n response to the decision in *Simpson*," the legislature in 1981 amended K.S.A. 40-284 to authorize certain exclusions or limitations of coverage. *Clements*, 243 Kan. at 126; L. 1981, ch. 191, sec. 1. As currently codified, this list of instances when an "insurer may provide for the exclusion or limitation of coverage" is found at K.S.A. 40-284(e). The parties agree the disinterested

witness provision in Farmers' automobile insurance policy is based on K.S.A. 40-284(e)(3).

K.S.A. 40-284(e)(3) permits an exclusion or limitation "when there is no physical contact with the uninsured motor vehicle and when there is no reliable competent evidence to prove the facts of the accident from a disinterested witness not making claim under the policy." K.S.A. 40-284(e)(3). Significantly, our Supreme Court has characterized this subsection as a circumstance in which insurers "may exclude coverage." *Cannon v. Farmers Ins. Co.*, 274 Kan. 166, 170, 50 P.3d 48 (2002).

Considering the statutory language and history of K.S.A. 40-284 and the case law interpreting it, we hold the disinterested witness provision in Farmers' automobile insurance policy was an exclusion or limitation of coverage. Russell, therefore, was not covered for noncontact accidents caused by negligent unidentified drivers in the absence of evidence from a disinterested witness. See *Lyons Federal S&L v. St. Paul Fire and Marine Ins.*, 863 F. Supp. 1441, 1446 (D. Kan. 1994) (exclusions limit coverage created by insuring clauses).

Russell separately argues in passing that Farmers failed to raise the disinterested witness defense in its answer, but Farmers denied the assertion below and the trial court did not address the issue. The trial court confined its ruling solely to Farmers' denial of claim letter, not the pleadings and the rules of civil procedure. The parties brief this appeal in the same fashion. We decline to consider this procedural question because it has not been squarely presented for our review. See *Crawford v. Board of Johnson County Comm'rs*, 13 Kan. App. 2d 592, 594, 776 P.2d 832 (1989) (a passing reference does not raise an issue on appeal).

Russell also contends that Farmers was not prejudiced by the summary judgment ruling because at trial Farmers' counsel effectively admitted the existence of an unidentified motorist. Of course, had the trial court granted summary judgment to Farmers, there would have been no trial. In essence, Russell contends Farmers' admission at trial rendered the disinterested witness provision inapplicable.

Russell points to the purpose of the provision, which is to prevent fraud. See *Clements*, 243 Kan. at 127. As our Supreme Court has noted, "[i]n a one-vehicle accident with no witnesses, an insurance carrier has no way to refute the insured's statement that he or she swerved to avoid an on-coming vehicle." *Cannon*, 274 Kan. at 176. Russell suggests fraud is not at issue given Farmers' admission at trial. The problem described in *Cannon*, however, is present not only where—as in the present case—an alleged oncoming vehicle may not have existed, but also where the unidentified vehicle may have existed, yet posed no threat to the insured.

In the present case, Russell exited the grocery store about 6 p.m. on a Saturday evening. He testified the store was so busy the nearest parking areas were full and that he parked "clear over here to walk in." The risk of fraud in such a situation would naturally include misrepresentations regarding the threat posed by any of the numerous vehicles moving in the vicinity of the insured.

The threat posed to Russell was the central issue at trial. Russell testified that he fell while hurriedly stepping backward to avoid the speeding unidentified motorist. Farmers argued Russell had simply missed his step and that the unidentified motorist could not have sped through the area where Russell fell. Russell's counsel understood this challenge to his client's testimony at trial, arguing in closing that Farmers "doesn't want to call [Russell] a liar, but, essentially, Farmers is calling him a liar."

The plain language of K.S.A. 40-284(e)(3) applied in this case, and that language presumptively expressed the legislature's intent. See *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006). Farmer's concession at trial was limited to the existence of an unidentified driver, not to an admission the driver was driving in a manner which posed a threat to Russell. In any case, Farmers' concession at trial did not nullify the statutory language of K.S.A. 40-284(e)(3) or the Farmers' policy provision based upon it.

Finally, Farmers also claims the jury's verdict was not supported by the evidence. Given our ruling this issue is moot. The trial

court's denial of Farmer's summary judgment motion is reversed, and the case is remanded for entry of judgment in favor of Farmers.

Reversed and remanded with directions.