[Nos. 1569–3; 1936–3. Division Three. July 21, 1977.]

RUSSELL L. MAURER, *Respondent,* v. GRANGE INSURANCE
ASSOCIATION, INC., *Appellant.*

*Lawrence Cary Smith* and *Smith, Donohue & Compau,* for appellant.

*Eugene I. Annis* and *Lukins, Annis, Bastine, McKay & Van Marter, P.S.,* for respondent.

GREEN, J.—Defendant insurance company appeals from a verdict in favor of plaintiff. The assignments of error raise three questions: (1) What is the effect of the physical–contact requirement in an uninsured motorist provision of an insurance policy? (2) What is the amount of uninsured motorist coverage available to plaintiff where two separate insurance policies are issued by defendant? and (3) Did the trial court err in denying a motion for new trial based on newly discovered evidence pending this court's answer to the preceding questions?

On June 1, 1972, plaintiff was driving a truck owned by his brother, who was a passenger, near Stanley, North Dakota. Both plaintiff and his brother testified that an unidentified vehicle forced the truck off the road. There

was no physical contact between the two vehicles. Plaintiff suffered damage as a result of the accident, and sought recovery from the defendant. Both plaintiff and his brother carried insurance policies with defendant and both policies included uninsured motorist coverage of $15,000 per person. Defendant denied liability, and plaintiff commenced this action. Before trial, defendant moved for summary judgment, arguing that uninsured motorist coverage required physical contact under the hit–and–run automobile definition. The trial court denied the motion, and the jury returned a verdict of $30,000 for plaintiff. The trial court determined that defendant is obligated to pay the limits of coverage pursuant to each of the policies until plaintiff is compensated for his actual damages of $30,000. This appeal followed, and pending appeal, the defendant discovered new evidence relating to plaintiff's special damages. We granted defendant leave to proceed in superior court on a motion for new trial, notwithstanding the present appeal. The trial court denied the motion pending final determination of the appeal. We affirm and remand for consideration of defendant's motion for new trial.

First, defendant contends that under the terms of the policy, physical contact is required to afford coverage. Defendant argues that as a matter of public policy to protect against fraud by an insured, we should adopt a rule that impartial evidence is necessary to establish the existence of a "phantom" vehicle where there is no physical contact. It is claimed that *Hartford Accident & Indem. Co. v. Novak*, 83 Wn.2d 576, 520 P.2d 1368 (1974), is distinguishable. We disagree.

Both policies of insurance under which plaintiff is claiming contain a provision for damages caused by uninsured automobiles and include the following definition:

The terms of "hit–and–run automobile" means an automobile which causes bodily injury to an insured *arising out of physical contact* of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident.

(Italics ours.) The uninsured motorist statute, RCW 48.22-
.030, provides:

> On and after January 1, 1968, no new policy or renewal
> of an existing policy insuring against loss resulting from
> liability imposed by law for bodily injury or death suf-
> fered by any person arising out of the ownership, main-
> tenance or use of a motor vehicle shall be delivered or
> issued . . . in this state . . . unless coverage is provided
> therein . . . for the protection of persons insured there-
> under who are legally entitled to recover damages from
> owners or operators of uninsured motor vehicles and hit-
> and–run motor vehicles . . .

This statute does not require physical contact between
vehicles driven by an uninsured motorist or hit–and–run
driver and the person claiming benefits under the policy.
Consequently, it has been held that a provision in an
insurance policy requiring physical contact is void as con-
trary to the public policy expressed in the statute. *Hartford
Accident & Indem. Co. v. Novak, supra* at 582. The "hit-
and–run automobile" definition contained in the insurance
policy considered in *Hartford* is identical with the one in
the present case. Therefore, the provisions in the instant
policies requiring physical contact are of no effect.

We are not persuaded by defendant's argument that,
as a matter of public policy to prevent fraudulent claims
where there is no physical contact, the existence of the
"hit–and–run" vehicle must be proven by impartial evi-
dence. This is not required by *Hartford* where only the
claimant and others involved in an accident established the
existence of the unidentified vehicle. No reasonable inter-
pretation of RCW 48.22.030 creates this requirement. In
our view, to require impartial evidence would deny valid
claims and thwart the purpose and intent of the uninsured
motorist statute. Where there is no physical contact, the
existence of the unidentified vehicle is a question of fact for
the jury. We find no error.

Second, *defendant contends that the court erred in*
determining that it is liable up to the limits of both policies
for the $30,000 judgment. Defendant argues that

(1) plaintiff should only recover on one policy because of the "other insurance" clause contained in each policy; (2) liability on both policies gives plaintiff a double recovery; and (3) the uninsured motorist statute sets the minimum of $15,000 per person. We disagree.

Defendant's arguments are answered in *Cammel v. State Farm Mut. Auto. Ins. Co.*, 86 Wn.2d 264, 267–68, 543 P.2d 634 (1975):

The requirement of RCW 48.22.030 and RCW 48.18.130(2), that each automobile liability insurance policy issued in Washington shall offer uninsured motorist coverage of $15,000 per person and $30,000 per accident, is unambiguous and mandatory. A literal reading of the statute precludes any suggestion this requirement is satisfied by a single uninsured motorist coverage in these amounts when the injured person is insured under more than one policy applicable to the accident. We conclude, therefore, that the pro rata clause of the "Other Insurance" exclusion in each of the three policies violates RCW 48.22.030, and when the aggregate of all recoveries sought by the insured person or persons will not exceed their actual damages, is invalid and ineffective. This conclusion is not only required by the language of RCW 48.22.030 and RCW 48.18.130(2), but also fulfills the apparent statutory policy.

[T]here is no persuasive warrant, in construing a statute designed to provide protection by insurance for victims of uninsured motorists, to refuse to read the statute literally when such a reading will subserve the socially desirable policy of adequate indemnification of innocent automobile accident victims.

*Motor Club of America Ins. Co. v. Phillips*, 66 N.J. 277, 292, 330 A.2d 360, 368 (1974).

The conclusion we reach is in accord with that reached by a significant majority of other courts. They hold that an "other insurance" exclusion, whether in the form of a "pro rata" or other similar clause, is an invalid limitation on the coverage required by the uninsured motorist statute of the particular state. See the compilations of cases in *Blakeslee v. Farm Bureau Mut. Ins. Co.*, 388 Mich. 464, 201 N.W.2d 786, 789–90 (1972); *Motor Club of America Ins. Co. v. Phillips, supra* at 287–90.

The insurer contends, however, this case is controlled by *Miller v. Allstate Ins. Co.*, 66 Wn.2d 871, 405 P.2d 712 (1965), and *State Farm Mut. Auto. Ins. Co. v. Bafus*, 77 Wn.2d 720, 466 P.2d 159 (1970). Each of these cases considers the amount of compensation available to a claimant who has been injured by an uninsured motorist and is covered by more than one uninsured motorist endorsement. However, each of these cases is distinguishable. *Miller v. Allstate, supra,* was decided before the enactment of RCW 48.22.030 or RCW 48.18.130(2). *State Farm Mut. Auto. Ins. Co. v. Bafus, supra,* only held that a claimant may not "stack" uninsured motorist coverage where this will produce a double recovery, that is, where one of the available sources of indemnification exceeds the total damages sustained by the claimant. Neither of the cited cases dealt with the problem here presented, namely, where the insureds' damages exceed the coverage available under any one of three policies.

Here as in *Cammel,* plaintiff's actual damages exceeded the coverage available under either of the two policies. Defendant's obligation to pay up to the limits of both policies to cover plaintiff's damages does not produce a double recovery. *See also Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 447, 563 P.2d 815 (1977). We find no error.

Third, defendant contends that several exhibits representing some of plaintiff's medical bills are unsupported by substantial medical testimony and are, therefore, inadmissible due to insufficient proof of causal connection. Defendant stipulated as to the reasonableness of the medical expenses included in the exhibits, but challenged their admissibility. The trial court admitted them over defendant's objections.

Dr. Evans testified that plaintiff suffers from continuing back pain caused by the accident, that plaintiff must receive injections for pain from hospital emergency twice weekly, that headaches and nausea experienced by plaintiff are due to the back pain, and that all the symptoms for which plaintiff receives treatment are related to the injuries sustained in the accident. Plaintiff testified that all the bills

were for medical care and directly related to the injuries from the accident.

 We find that the trial court properly admitted the exhibits. Plaintiff is not required to prove, as a matter of law, the causal connection. He must produce sufficient evidence of causal connection to go beyond speculation and conjecture. (*See O'Donohue v. Riggs*, 73 Wn.2d 814, 440 P.2d 823 (1968).) This he did. The credibility of the evidence and the amount of the damages was then a question of fact for the jury. We find no error.

 Last, defendant argues that it was exercising an election of remedies under CR 60 and CAROA 15 in the motion for new trial based on newly discovered evidence. Defendant argues the new trial should have been granted prior to final determination in the appeal. We disagree. The granting of a new trial rests within the sound discretion of the trial court and will not be reversed absent abuse of discretion. The motion was denied for the following stated reasons:

> The purpose of the motion is to provide a procedure to correct the errors of the original trial without the necessity of an appeal. . . . There remain substantial questions on the issue of liability concerning the so–called "phantom car" doctrine and the right of an insured to collect under two uninsured motorist policies. A new trial would not resolve these legal issues nor prevent the necessity or continuation of the present appeal.
> . . . The granting of a new trial because of newly discovered evidence concerning damages would not at this time resolve any of the legal issues.

We agree with the trial court. It did not abuse its discretion in denying the motion. However, we remand for reconsideration of the motion for new trial on the merits.

Affirmed and remanded.

MUNSON, C.J., and McINTURFF, J., concur.

Petition for rehearing denied September 21, 1977.