[No. 12121–2–II.   Division Two.   August 21, 1990.]

KRISTI JAN NICHOLS, ET AL, *Appellants,* v. JOHN K. LACKIE, ET AL, *Respondents.*

*Paul L. Stritmatter* and *Stritmatter, Kessler & McCauley,* for appellants.

*Curtis M. Janhunen* and *Brown, Edwards, Lewis & Janhunen,* for respondents.

PETRICH, A.C.J.—Kristi and Michael Nichols brought this action against John Lackie to recover damages resulting from an automobile accident. After trial to a jury, a judgment was entered on a verdict of $2,217.65. The trial court denied the Nicholses' motion for new trial in which they claimed inadequate damages. The Nicholses appeal from the denial of that motion. We reverse.

On October 14, 1985, Ms. Nichols was driving her vehicle in Hoquiam when Lackie struck her from behind. The officer attending the scene of the accident testified that Lackie had been traveling at approximately 20 miles per hour when he collided with Ms. Nichols's vehicle.

Ms. Nichols visited a physician the afternoon of the accident because of soreness in her back and tailbone. She made several more visits to her physician, complaining of soreness in her tailbone area. An X–ray revealed a fractured coccyx. Her physician referred her for physical therapy and prescribed muscle relaxants and pain medication. She eventually was referred to an orthopedic surgeon, Dr. Louis Roser, whom she saw several times from January to July 1986. Dr. Roser engaged in a course of treatment including steroid and anesthetic injections and anti–inflammatory medication.

In November 1986, Dr. Roser performed a coccygectomy as a result of Ms. Nichols's unremitting pain and tenderness. He saw Ms. Nichols about seven more times after the surgery. After initial improvement, Ms. Nichols complained of renewed pain in June 1987.

Both Ms. Nichols's physician and Dr. Roser testified that they believed the fracture of the coccyx occurred as a result of the collision. Exhibit 5, which was submitted to the jury, indicates that an earlier fall may have caused the condition.

Ms. Nichols was 23 at the time of the accident. She had been married 2 days before. Her husband and mother testified that her life had been adversely affected by the accident, including her ability to sit, work, keep house, and engage in physical affection with her husband.

The Nicholses brought this action for damages against Lackie in May 1986. Before trial, Lackie answered two requests for admissions in which he admitted that $3,774.97 of Ms. Nichols's medical expenses were incurred as a direct and proximate result of the injuries she sustained in the accident. Before trial, the parties agreed to the admissibility of an additional $33.62 bill for prescriptions and a $180.60 bill from Dr. Roser. The medical bills were admitted without objection. In addition, the parties agreed to the admissibility of a $564.06 repair bill for the truck and a $73.08 car rental bill.

The jury found that Lackie was negligent and that his negligence was the proximate cause of Ms. Nichols's injury or damage. The jury awarded Ms. Nichols $2,217.65 in damages; it awarded her husband nothing. After deducting offsets of $564.06 for the truck repairs and $73.08 for the car rental, which had been prepaid, the final judgment was $1,580.51.

The Nicholses' first assignment of error concerns the trial court's instruction 20, which provides in part as follows:

> It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.
>
> If your verdict is for the Plaintiffs, then you must determine the amount of money required to reasonably and fairly compensate each Plaintiff for the total amount of damages as you find were proximately caused by the Defendant.
>
> If you find for the Plaintiff, Kristi Nichols, your verdict should include the following items in determining the measure of damages to her:
>
> 1. $3,988.19 for necessary medical care, treatment and service provided to date to Kristi Nichols;
>
> 2. $564.06 for the value of necessary repairs to the vehicle of the Plaintiffs which was damaged;
>
> 3. $73.08 to compensate Plaintiffs for the rental of a substitute vehicle during the time reasonably required to repair their vehicle.
>
> . . . .

The Nicholses argue that this instruction required the jury to award the special damages listed. Lackie denies this contention. He argues that the instruction is couched in

discretionary language and that the items of damages were supported only by the admission of exhibits and the Nicholses' interested and uncorroborated testimony.

■ A jury is presumed to follow jury instructions. That presumption will prevail until it is overcome by a showing otherwise. *Carnation Co. v. Hill,* 54 Wn. App. 806, 776 P.2d 158 (1989); *Tennant v. Roys,* 44 Wn. App. 305, 315, 722 P.2d 848 (1986). Where a verdict indicates that a jury disregarded the court's instructions, a new trial is proper. *Zorich v. Billingsley,* 52 Wn.2d 138, 141, 324 P.2d 255 (1958); *see also State v. Davenport,* 100 Wn.2d 757, 763–65, 675 P.2d 1213 (1984).

■ A new trial is required here for two reasons. First, the instruction, which essentially mirrors Washington Pattern Jury Instruction (WPI) 30.01, does not permit discretion concerning the listed special damages. Under the note on use of WPI 30.01, 6 Wash. Prac. 25 (Supp. 1987), the phrase "should include" is to be followed by *undisputed* past economic damages. *See Meissner v. Seattle,* 14 Wn. App. 457, 460, 542 P.2d 795 (1975). Being "undisputed," these items of damages are taken out of the jury's discretion. Having found that Lackie's negligence was the proximate cause of Ms. Nichols's injuries, the jury necessarily had to award the undisputed special damages.

Second, $3,774.97 of the medical expenses were conclusively established as a result of Lackie's responses to requests for admissions. Under CR 36(b), "[a]ny matter admitted under this rule is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission." (Italics ours.) The admissions were neither withdrawn nor amended.

The $2,217.65 verdict indicates that the jury did not follow the trial court's instruction 20. The instruction required the jury to award at a minimum the $3,988.19 undisputed special damages, $3,774.97 of which were conclusively established by virtue of the requests for admissions.

Given our decision that a new trial is in order, it is unnecessary to reach the question of whether the jury verdict was a product of passion or prejudice.

The trial court is reversed and the matter is remanded for a new trial.

REED and WORSWICK, JJ., concur.

Reconsideration denied December 28, 1990.

Review by Supreme Court pending March 15, 1991.