[No. 21106-8-II. Division Two. August 14, 1998.]

VERLEY HAWKINS, *Respondent*, v. YUKIE MARSHALL, ET AL., *Appellants*.

40

*William R. Hickman* and *Danielle A. Hess* of *Reed Mc-Clure*; and *Mark J. Dynan*, for appellants.

*David H. Olwell* of *David H. Olwell Law Offices*, for respondent.

HUNT, J. — Yukie Marshall appeals a jury verdict awarding Verley Hawkins all medical expenses that she claims resulted from an automobile accident caused by Marshall. Although Marshall did not object to the admissibility of documents reflecting the claimed expenses, she later argued she could nevertheless challenge the reasonableness and relevance of each listed expense. The trial court disagreed and instructed the jury that it must award all Hawkins' claimed damages if they found in her favor. We reverse.

## FACTS

In March 1993, Verley Hawkins was a passenger in a vehicle driven by her son. Yukie Marshall's vehicle approached from an intersecting street and collided with the Hawkins vehicle. At the time, Hawkins did not believe she was injured; her husband took her to the hospital, but she was neither evaluated nor treated.

Hawkins later complained of neck injuries, shoulder pain, and headaches; she consulted and was treated by two physicians and a physical therapist for sprain of the cervical

spine, occipital headaches, and inflammation of the root of the cervical spinal nerve. Dr. Robert Klein prescribed pain and anti-inflammatory medication and recommended a strengthening program at the YMCA, which Hawkins did not attend.

In June 1993 Hawkins' physical therapist reported that Hawkins had recovered full range of motion. Hawkins returned to work as a Certified Nurses Aid (CNA). She quit in January 1995.

In May 1995, Hawkins sued Marshall over the automobile accident. Marshall admitted liability, and the trial was limited to determining Hawkins' damages.

Before trial, Hawkins moved under ER 904 to admit a number of medical bills and records. Marshall stipulated to their admissibility. Although Marshall clearly did not contest the authenticity of the records, in her opening statement she expressly stated that she did not agree the medical bills were "related to the motor vehicle accident, otherwise we would not be here today."

Marshall produced evidence that: (a) some of Hawkins' pain and suffering, medical problems, and associated treatment costs, may have been caused by a degenerative condition (bone chips or osteophytes) that predated and were not caused by the accident; (b) Hawkins did not follow medical advice and an exercise program that could have aided recovery; and (c) Hawkins failed to mitigate her damages. Hawkins countered that her medical bills all stemmed from treatment necessitated by the injuries suffered in the accident.

Over Marshall's objection, the trial court gave damages Instruction 8, which stated that if the jury found for Hawkins, it should award all of her medical expenses.[1] Marshall argued that her decision not to object to the medical

---

[1]Instruction 8 provides in part:

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

bills' admissibility did not preclude her from challenging their weight. But the trial court decided to give Instruction 8, reasoning that any objection should have been raised before the bills were admitted.

During deliberations, the jury sent an interrogatory to the trial court asking, "With respect to Instruction #8, paragraph #3, do all medical bills listed need to be included if we agree to find for the plaintiff – or can we be selective and or exclude some amounts[?]" The court replied that if the jury found for the plaintiff, all of the medical expenses listed must be awarded.[2] The jury awarded Hawkins $46,670.02, including $18,670.02 for past medical expenses, $13,000 for future medical expenses, and $15,000 for pain and suffering.

---

If your verdict is for the plaintiff, then you must determine the amount of money which will reasonably and fairly compensate the plaintiff for such damages as you find were proximately caused by the negligence of the defendant.

If you find for the plaintiff your verdict should include the following items:

| | |
|---|---|
| James Crowley, M.D. | $3,254.00 |
| Custer Physical Therapy | $2,794.00 |
| Robert Klein, M.D. | $1,080.00 |
| Stephen Klein, Ph.D. | $840.00 |
| Pacific Anesthesia, P.S. | $865.00 |
| Joseph D. Sueno, M.D. | $1,931.00 |
| Tacoma Anesthesia Associates, Inc. | $850.00 |
| Tacoma General Hospital | $5,739.35 |
| Tacoma Magnetic Imaging | $950.00 |
| Tacoma Radiology | $252.00 |
| Prescriptions | $114.67 |
| TOTAL: | $18,670.00 |

. . . .

The burden of proving damages rests upon the plaintiff and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

[2]Specifically, the court stated: "they must include all items listed on Instruction No. 8 because they came in by ER 904."

The trial court denied Marshall's motion for a new trial under CR 59. A commissioner of this court affirmed the trial court's judgment on a motion on the merits. We granted Marshall's motions to modify the commissioner's decision and to supplement the record.[3]

## ANALYSIS
### A. Instruction 8 — Amount of Damages

█ A jury instruction is sufficient if it: (1) correctly states the applicable law; (2) is not misleading; and (3) allows counsel to argue their theories of the case. *See Fenimore v. Drake Constr. Co.*, 87 Wn.2d 85, 95, 549 P.2d 483 (1976). Marshall argues that the trial court erred by giving Instruction 8 because it does not comport with the law and because it precluded Marshall from arguing her theory of the case.

### 1. Did Instruction 8 Misstate the Law or Mislead the Jury?

Marshall stipulated to admissibility of the medical bills under ER 904, which states, in part:

(a) **Certain Documents Admissible.** The following documents, if relevant, may be admitted in civil cases in accordance with sections (b) and (c) of this rule:

(1) A bill, report, chart, or record of a hospital, doctor, dentist, registered nurse, licensed practical nurse, physical therapist, psychologist or other health care provider, on a letterhead or billhead;

(2) A bill for drugs, medical appliances or other related expenses on a letterhead or billhead;

. . . .

(b) **Notice.** Any party intending to offer a document under this rule must serve on all parties a notice . . . at least 30 days prior to trial . . . .

---

[3]The commissioner affirmed, in part, because the record did not contain the trial court's response to the jury's question. Marshall moved to modify and to supplement the record with that information, which is now in the record.

**(c) Opposing Party May Require Proof of Identification and Authentication.** Any other party may, within 14 days of notice, serve a written objection to any document proposed to be offered under this rule. In the event of objection, the document shall be admitted into evidence only in accordance with the other rules of evidence . . . .

**(d) No Effect Regarding Weight of Evidence Submitted.** This rule does not restrict argument or proof relating to the weight to be accorded the evidence submitted, nor does it restrict the trier of fact's authority to determine the weight of the evidence after hearing all of the evidence and the arguments of opposing parties.

■ The trial court erred in concluding: (1) that failure to object under ER 904(c) precluded Marshall from arguing some of the bills were unrelated to the accident; and (2) that Instruction 8 was therefore proper. The intended purpose of ER 904 is "to expedite the authentication and admission into evidence of certain documents." 5B KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE § 465, at 130 (Supp. 1998); *Miller v. Arctic Alaska Fisheries Corp.*, 133 Wn.2d 250, 253, 944 P.2d 1005 (1997). It thus allows certain evidence to be admitted without the time consuming process of receiving testimony, identifying it, and authenticating it. But ER 904 specifically states that admission under this rule *does not preclude argument on the weight of the evidence.*

■■ ER 904(d) is consistent with the well-settled rule that the *amount* of damages awarded in a particular action is within the discretion of the jury. *See Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 269, 840 P.2d 860 (1992); *Cowan v. Jensen*, 79 Wn.2d 844, 847, 490 P.2d 436 (1971). Once medical bills are admitted, "[t]he credibility of the evidence and the amount of the damages [is] then a *question of fact for the jury.*" *Maurer v. Grange.Ins. Ass'n*, 18 Wn. App. 197, 203, 567 P.2d 253 (1977) (emphasis added). Neither the trial court nor the appellate court should substitute its judgment for the jury's as to the amount of damages. *See Cowan*, 79 Wn.2d at 847 (citing *Anderson v. Dalton*, 40 Wn.2d 894, 246 P.2d 853, 35 A.L.R.2D 302 (1952)).

Instruction 8 requires the jury to award *all* the listed damages if it finds for the plaintiff. This instruction, which mirrors WPI 30.01, is correctly given in cases where *liability* may be contested but the *amount* of damages is not. *See Nichols v. Lackie*, 58 Wn. App. 904, 907, 795 P.2d 722 (1990) (WPI 30.01 "does not permit discretion concerning the listed special damages" and should be used where damages are undisputed.).

But where the amount of damages is contested, instructing the jury how much it should award is improper. Here, Instruction 8 improperly restricted the jury's discretion to decide the amount of damages, contrary to ER 904 and prevailing case law. Moreover, the trial court's response to the jury's inquiry exacerbated the error when it instructed the jury that it must award all or nothing. The trial court incorrectly interpreted ER 904.[4]

2. Was Marshall Precluded From Arguing Her Theory of the Case?

Marshall argues she was precluded from arguing her theory of the case—that some of Hawkins' medical expenses were unreasonable, unnecessary, and not caused by the accident with Marshall. Instruction 8 and the trial court's clarification during deliberations rendered Marshall's evidence and argument irrelevant. These instructions prevented the jury from considering whether some of Hawkins' medical bills resulted from causes other than the accident and whether some were unnecessary or unreasonable. Rather, if the jury determined that Hawkins was entitled

---

[4]Hawkins cites *Miller v. Arctic Alaska Fisheries Corp.*, 83 Wn. App. 255, 921 P.2d 585 (1996), *aff'd in part, rev'd in part*, 133 Wn.2d 250, 944 P.2d 1005 (1997), for the proposition that failure to object in accordance with subsection (c) precludes later objections. But *Miller* is inapplicable here. In that case, the trial court admitted evidence without objection under ER 904. Later, the opposing party objected to the evidence on hearsay grounds. The trial court excluded the evidence. *Miller*, 133 Wn.2d at 255. On appeal, the court determined that the party's failure to object to the documents' admissibility precluded a later challenge to its authenticity or admissibility. Thus, the court did not hold that all challenges to the evidence are precluded if a party fails to timely object. Rather, the court merely held that failure to object precludes any later *evidentiary* objection to a document's admissibility or authenticity. *Miller*, 133 Wn.2d at 258-60.

to *any* medical expenses, it was required to award her *all* of such expenses.

Alternatively, Hawkins argues that Instruction 8 was proper because Marshall did not present evidence refuting the reasonableness and necessity of the medical bills. But Marshall presented evidence that: (1) pain symptoms resulting from the accident were resolved by June 1993; (2) in June 1993 Hawkins' physical therapist reported that Hawkins had recovered full range of motion; (3) a post-surgery MRI on Hawkins revealed no change from before the surgery, thus making the necessity of surgery questionable; (4) Hawkins stopped seeing her doctor for eight months, meanwhile she continued to work in a job that required heavy lifting; (5) Hawkins had a pre-existing condition which could have been aggravated by heavy lifting; and (6) Hawkins' pre-existing condition would have eventually degenerated and probably would have required surgery.

Hawkins presented testimony that the injuries naturally would have stemmed from the accident and injuries suffered in it. But it is up to the jury to weigh the testimony and determine which witness should be believed. A jury could have concluded that some medical expenses were unrelated to the accident.

Thus, Instruction 8, which instructs the jury that it must award all or nothing, is an incorrect statement of the law, misled the jury, removed the jury's discretion to determine the proper amount of damages, and precluded Marshall from arguing her theory of the case.

3. Was Marshall Prejudiced?

"[A]n instruction's erroneous statement of the applicable law is reversible error where it prejudices a party." *Hue v. Farmboy Spray Co.*, 127 Wn.2d 67, 92, 896 P.2d 682 (1995) (citing *State v. Wanrow*, 88 Wn.2d 221, 559 P.2d 548 (1977)). Here, we can infer from the jury's question that it was considering awarding only some of the medical expenses, and therefore the outcome might have been prejudiced by the improper instruction and clarification by

the trial court. Additionally, on her motion for a new trial, Marshall presented two affidavits from jurors stating they might have awarded less if they were able to choose only those medical bills they believed were related to the accident. Giving Instruction 8 was prejudicial error.

## B. Instruction on Failure to Mitigate

■ Marshall next contends that the trial court erred by refusing to instruct the jury that Hawkins had a duty to mitigate her damages.

WPI 33.02 provides:

> One who sustains injury for which another is liable is not entitled to recover any damages arising after the original injury which are proximately caused by failure of the injured person to exercise ordinary care to avoid or minimize such new or increased damages.

> In determining whether, in the exercise of ordinary care, a person should have secured or submitted to medical treatment, as contended by defendant you may consider the nature of the treatment, the probability of success of such treatment, the risk involved in such treatment, and all of the surrounding circumstances.

> *The defendant has the burden to prove plaintiff's failure to exercise ordinary care and the amount of damages, if any, which could have been minimized or avoided.*

(Emphasis added.) This instruction should be used when "(1) there is evidence creating an issue of fact as to the injured person's failure to exercise ordinary care in receiving or submitting to medical treatment, and (2) the evidence permits a segregation of the damages resulting from that failure to exercise ordinary care." WPI 33.02 at 322.

Here, Marshall presented evidence that Hawkins failed to follow her doctor's advice to join the YMCA or to follow up with her doctors for care. But Marshall did not present testimony or other evidence that Hawkins' omissions aggravated her conditions or delayed recovery. Accordingly,

the evidence did not create a question of fact on the issue of mitigation of damages, and the trial court did not err in refusing to give such an instruction.

## C. Motion for New Trial

A trial court's refusal to grant a motion for a new trial, when based on a question of law, is reviewed for error only, not for abuse of discretion. *See Johnson v. Howard*, 45 Wn.2d 433, 436, 275 P.2d 736 (1954). Here, Marshall argued that the trial court misconstrued the law and thereby gave an improper instruction. We agree. Because Instruction 8 was improper, the trial court should have granted Marshall's motion for a new trial.

Reversed.

HOUGHTON, C.J., and ARMSTRONG, J., concur.