(869 P.2d 248)
No. 69,901

EDWARD VON HILLMAN, *Appellee,* v. COLONIAL PENN INSURANCE
COMPANY, *Appellant.*

Petition for review denied 255 Kan. 1001 (1994).

Opin-
ion filed March 4, 1994.

*Natalie G. Haag* and *M. Duane Coyle,* of Wallace, Saunders, Austin,
Brown & Enochs, Chartered, of Wichita, for the appellant

*Timothy J. King* and *Terry S. Stephens,* of Stinson, Lasswell & Wilson,
of Wichita, for the appellee.

Before PIERRON, P.J., ROYSE, J., and JAMES J. NOONE, District
Judge Retired, assigned.

PIERRON, J.: This appeal arises from the district court's decision
granting summary judgment to the plaintiff/appellee, Edward Von
Hillman. The district court held the defendant/appellant, Colonial
Penn Insurance Company (Colonial), was liable under the terms
of its policy for injuries the plaintiff sustained in a motor vehicle
accident. The defendant appeals, claiming there was no insurance
policy in effect at the time of the accident and that if there was,
the uninsured motorist provisions do not apply.

The facts are undisputed. L.E. Stinson purchased insurance
from Colonial. Stinson renewed the policy in October 1989. The
policy expiration date was October 20, 1990. Stinson died on
September 5, 1990. Colonial was unaware of Stinson's death and
mailed a premium renewal notice to Stinson's address in late
September 1990. The estate administratrix, one of Stinson's
daughters, renewed the policy in Stinson's name for another year.

In August 1991, the administratrix of the estate agreed to sell
Stinson's car to her son, Edward Von Hillman. She gave him
possession of the vehicle but did not transfer the title. On Sep-
tember 29, 1991, Edward was the victim of an intentional tort.
An assailant beat Edward and then removed him from his vehicle.

The assailant then got into the car and ran over Edward several times. A group of youths who had gathered at the scene witnessed the act but dispersed, leaving Edward trapped beneath the vehicle.

The perpetrator was arrested and charged; he pled guilty to one count of vehicular battery and one count of unlawful deprivation of property.

Colonial did not know of Stinson's death until notified about the September 1991 incident. Colonial did not return the premium.

This is an appeal from a summary judgment granted to Hillman. The controlling question presented is whether plaintiff was covered by an insurance contract. This is a question of law. This court has unlimited review of conclusions of law. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

The key issue is a question of contract formation, rather than interpretation. It could well be that, under the terms of the contract, the administrator, or the person in possession of the vehicle pending the appointment of an administrator, was covered until October 20, 1990. The question is whether the coverage could be validly renewed in the deceased's name by the administrator.

In *Hartford Fire Ins. Co. v. Western Fire Ins. Co.*, 226 Kan. 197, 202-03, 597 P.2d 622 (1979), the court set out the elements of a contract of insurance:

"The elements of a contract of insurance are set forth in 44 C.J.S., Insurance § 227, pp. 941-43, as being:
'[A] subject matter, a risk or contingency insured against, and the duration thereof; a promise to pay or to indemnify and a promise to pay or indemnify in a fixed, determinable or ascertainable amount; a consideration for the promise, known as the premium, and the period of payment thereof; *and an agreement, or meeting of the minds of the parties, and such agreement or meeting of the minds must be on all the foregoing essential elements.*' (Emphasis added.)

With respect to renewals of existing insurance policies, it is stated in 44 C.J.S., Insurance § 283, pp. 1126-27:

'A binding contract of renewal must be clearly established, and must have all the essentials of a valid contract, as in the creation of the contract in the first instance . . . . Thus a renewal *cannot be effected or consummated*

*without the mutual assent of the parties and a meeting of the minds of the parties on all the essentials of the contract, and a new consideration. A mere custom of companies or their agents in certain localities to renew, without request, is not sufficient to establish a renewal, unless it is of such a nature as to be binding on insured as well as on insurer.'* (Emphasis added.)"

One rule of contract acceptance is that "an offer can be accepted only by a person whom it invites to furnish the consideration." Restatement (Second) of Contracts § 52 (1981). See also 2 Lord, Williston on Contracts § 6.27 (1991) ("an offer made to one person cannot be accepted by another"). There was nothing in the insurance contract which would modify this general rule.

Based on these statements of the law, it seems clear the estate administratrix could not renew an insurance contract offered to Stinson after Stinson died. The trial court's decision that the policy was in full force and effect on the day of plaintiff's accident was in error.

The plaintiff argues that Colonial's failure to return the premium immediately upon hearing of Stinson's death constitutes estoppel to deny the policy existed. The rule in Kansas is that waiver and estoppel cannot be used to expand coverage of an insurance policy. *Topeka Tent & Awning Co. v. Glen Falls Ins. Co.,* 13 Kan. App. 2d 553, 555-56, 774 P.2d 984, *rev. denied* 245 Kan. 788 (1989).

In light of this determination, the second issue is moot.

Reversed.