**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DUHHAINE WAEKER;
HOLLIE WAEKER,

           Plaintiffs-Appellants,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

           Defendant-Appellee.

No. 07-3139
(D.C. No. 05-CV-1347-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

This diversity action arises from Duhhaine and Hollie Waeker's insurance claim for personal property theft loss. They filed their claim pursuant to the terms of a comprehensive homeowners' insurance policy issued by American Family Mutual Insurance Company ("American Family"). After American Family

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied the Waekers' claim, they brought suit alleging that (1) American Family breached its contract with them by refusing to pay a valid claim and (2) the doctrines of waiver and estoppel precluded American Family's denial of coverage.[1]  Applying the substantive law of Kansas, which the parties agree governs this case, the district court granted American Family's motion for summary judgment.  This appeal followed.[2]  Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment, applying the same legal standard used below.  Doña Ana Mut. Domestic Water Consumers Ass'n v. City of Las Cruces, 516 F.3d 900, 906 (10th Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "In ruling on summary judgment, the court must resolve all

---

[1]  The Waekers have expressly abandoned their claim for "unlawful insurance claims practices" on appeal.

[2]  The Waekers are represented by counsel.  Counsel bears the responsibility to "file an appendix sufficient for considering and deciding the issues on appeal," 10th Cir. R. 30.1(A)(1), and when a party fails to do so, "the court may decline to consider" the issues, 10th Cir. R. 10.3.  By itself, the Waekers' appendix is inadequate to allow us to review their arguments.  However, because American Family filed a supplemental appendix containing the relevant district court filings, see 10th Cir. R. 30.2(A)(1), the record as a whole is sufficient to permit review, see Scott v. Hern, 216 F.3d 897, 912 (10th Cir. 2000).  We proceed to the merits of the appeal, but remind counsel of the duty to follow this circuit's rules.

ambiguities and draw all factual inferences in favor of the non-moving party."

Doña Ana, 516 F.3d at 906 (quotation omitted). "We review the district court's

determination of state law de novo." Id.

The district court detailed the facts and procedural history involved in this

case, and we need not repeat that material here. Waeker v. Am. Family Mut. Ins.

Co., No. 05-1347-MLB, slip op. at 2-11 (D. Kan. Apr. 27, 2007). Suffice it to say

that the "COVERAGE B - PERSONAL PROPERTY" section of the insurance

policy at issue states:

> We cover risks of accidental direct physical loss to property
> described in Coverage B-Personal Property when caused by a peril
> listed below, unless the loss is excluded in this policy.
> . . . .
> 9.    Theft, including damage from attempted theft, and loss
> of property from a known place only when it is likely
> that a theft occurred.
>
> a.    We do not cover:
> . . . .
> (2) theft from the insured premises while the
> dwelling is under construction, until the dwelling
> is <u>completed</u> and occupied.

(emphasis added). The district court noted that the Waekers did "not controvert

the fact that their dwelling had not been 'completed.' In fact, [they] admit[ed]

that the construction on their home was ongoing." Thus, the district court

rejected the Waekers' breach-of-contract claim, stating:

> Because the policy precludes coverage for theft when the dwelling
> under construction is not "completed <u>and</u> occupied," plaintiffs have
> not stated a genuine issue of material fact with respect to whether

defendant breached the insurance contract. Reliance on this policy term is clearly permitted by the policy and defendant could not have breached the insurance contract when it denied plaintiffs['] claim.

. . . .

It was plaintiff[s'] burden to prove that their loss was of the type included within the coverage of the policy. See Clark Equip. Co. v. Hartford Accident & Indem. Co., [608 P.2d 903, 906 (Kan. 1980)]. Plaintiffs did not do so and defendant was justified in denying plaintiffs' claim. Therefore, the claim of breach of contract fails because plaintiffs cannot show a breach of the insurance policy.

The Waekers also argued that American Family should be estopped from denying coverage on the basis of the "completed and occupied" language, or had waived its right to rely on this language, because it knew when it sold the Waekers their policy that their dwelling was under construction. The district court rejected this argument as well, stating:

Kansas cases have consistently held that waiver and estoppel cannot be used to expand coverage of an insurance policy where the policy unambiguously excludes coverage for the insured's claim. Von Hillman v. Colonial Penn. Ins. Co., [869 P.2d 248, 249 (Kan. Ct. App. 1994)]. . . . Because the insurance policy unambiguously excludes coverage of the claim made in this case, plaintiffs may not invoke the principles of waiver and estoppel.

On appeal, the Waekers challenge the district court's rejection of their breach-of-contract claim, arguing that the court improperly weighed the evidence; erroneously placed the burden of proof on them; and incorrectly found that their home was under construction, incomplete, and unoccupied at the time of the theft loss. They also contend that the district court erred in determining that the doctrines of waiver and estoppel are inapplicable because "the 'completed and

-4-

occupied' language relied on by American Family is . . . exclusionary" language, not "coverage language."

None of the Waekers' arguments is meritorious. Having carefully reviewed the briefs, the appendix, and the applicable law pursuant to the above-mentioned standards, we conclude that the Waekers have failed to identify any reversible error in this case. We therefore **AFFIRM** the judgment of the district court for substantially the same reasons stated in its thorough memorandum and order dated April 27, 2007.

Entered for the Court


Carlos F. Lucero
Circuit Judge